## COMMONWEALTH *vs.* EBENEZER BARNARD.

A complaint made to a justice of the peace for the county of Worcester, which charges an unlawful sale of intoxicating liquor at "West Brookfield," without saying "at the town of West Brookfield," or alleging it to be in the county of Worcester, is fatally defective.

COMPLAINT on *St.* 1855, *c.* 215, § 15, commencing thus : " To Joseph A. Sprague, a justice of the peace within and for the county of Worcester, Lucius Wood of Oakham in the county of Worcester, in behalf of the Commonwealth of Massachusetts, on oath complains that Ebenezer Barnard, of Greenwich in the county of Hampshire, on the fourteenth day of September in the year of our Lord one thousand eight hundred and fifty five at West Brookfield with force and arms did sell one gill of intoxicating liquor."

The defendant, being convicted before the justice, appealed to the court of common pleas, and being again convicted in that court, moved in arrest of judgment, that " it does not appear from the allegations contained in said complaint, that the offence therein set forth was committed, if at all, in the county of Worcester." *Morris*, J. overruled the motion, and the defendant alleged exceptions.

*P. C. Bacon*, for the defendant.

*J. H. Clifford*, (Attorney General,) for the Commonwealth, cited *Commonwealth* v. *Springfield*, 7 Mass. 9 ; *Commonwealth* v. *Quin*, 5 Gray, 478.

METCALF, J. It does not appear in this complaint that West Brookfield, the place where the defendant is charged with having sold intoxicating liquor, is either a town, or a place within the county of Worcester. It therefore does not appear that any magistrate in this county, or any court held in this county, has jurisdiction of the offence set forth in the complaint. Hence the cases of *Commonwealth* v. *Springfield*, 7 Mass. 9, and *Commonwealth* v. *Cummings*, *ante*, 487, are quite distinguishable from this. *Judgment arrested.*