# JAMES HANRAHAN

*v.*

# THE PEOPLE OF THE STATE OF ILLINOIS..

1. INDICTMENT—*venue in the different counts.* Where an indictment in the caption shows the county and State in the proper form, the name of the county in subsequent counts, without using the word "said" or "aforesaid," will be construed as referring to the same county named in the caption.

2. CRIMINAL LAW—*assault with intent to murder.* If one person shoots at another with a shot gun, pistol or revolver, with intent, unlawfully, willfully, feloniously, and of his malice aforethought, either express or implied, to kill him, the person so shooting is guilty of an assault with intent to commit murder.

3. SAME—*presumption as to intent.* Every man, in law, is presumed to intend the natural and probable consequence of his act, unless a different intent be proven.

4. INSTRUCTION—*whether it discriminates as to what evidence is to be considered.* An instruction on the trial of one for an assault with intent to commit murder, that the intent with which the defendant shot at the prosecuting witness, if he did shoot, might be established by circumstantial evidence, and that in determining his intent in shooting, the jury should take into consideration all the circumstances in evidence surrounding and attending the act, is not open to the objection that the jury might understand they need consider *only* the circumstantial evidence.

5. SAME—*in criminal case—not necessary always to state the doctrine of reasonable doubt.* An instruction in a criminal case upon the subject of what will justify the use of fire arms in self-defence, and what the defendant must show to establish such defence, is not erroneous in not further stating the defendant's right to an acquittal in case of a reasonable doubt as to the existence of the facts justifying the use of such arms, when the jury are instructed on the part of the defence that if they entertain any reasonable doubt as to whether or not the shooting was done in self-defence they should acquit.

6. The omission of the words "beyond a reasonable doubt," in an instruction for the people in a criminal case, is not error, where an instruction is given for the defence that the jury must be convinced by the evidence, beyond a reasonable doubt, of the defendant's guilt before they can convict.

7. SAME—*singling out particular facts.* Where it appeared upon the trial of a party for an assault with intent to commit murder, that the defendant shot twice at the prosecuting witness, once at the door of the former, and afterwards from the window of his house, after the person assaulted had left the yard and gone into the public road, and the alleged circumstances justify-

ing the shooting as in self-defence occurred before the first time the defendant shot, it was held that an instruction distinguishing between the two different occasions of shooting, and calling the attention of the jury to the facts attending the second act of shooting, was not fatally open to the objection of singling out and giving undue prominence to certain parts of the testimony.

8. SAME—*may assume undisputed facts.* An instruction which assumes a certain fact without leaving the jury to find the same from the evidence, is not erroneous when there is no dispute made as to such fact, and it is not denied by either party.

9. SAME—*as to credibility of witnesses.* An instruction that if two witnesses for the prosecution swore to a particular fact, in which they were contradicted by the defendant and two other witnesses whose credibility was not affected by any evidence in the case, then the jury would not be justified in finding the fact in favor of the prosecution, is improper, as invading the province of the jury as judges of the credibility of the witnesses.

10. ADMISSIONS—*jury not bound to believe the whole.* Where the prosecution prove the statements or admissions of a defendant, the whole must be received in evidence, but the jury are not bound, as a matter of law, to believe the entire statement. If a part of such statement is disproved or contradicted by other evidence, the jury have the right to give effect to such contradictory evidence, and reject such part of the defendant's statement as not entitled to credence and accept the rest of it.

WRIT OF ERROR to the Circuit Court of Lee county; the Hon. WILLIAM BROWN, Judge, presiding.

Mr. B. H. TRUESDELL, for the plaintiff in error.

Mr. JAS. K. EDSALL, Attorney General, for the People.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an indictment for an assault with an intent to commit murder, made upon John Hetherington. The defendant was convicted and sentenced to the penitentiary for the term of two years. He sued out this writ of error to reverse the judgment.

The first assignment of error is in overruling the motion to quash the second and third counts of the indictment. The alleged defect in the counts is, that they do not show in what State the grand jury convened, nor in what State the alleged offence was committed.

The language of each count, in these particulars, is this: "And the grand jurors aforesaid, chosen, selected and sworn in and for the county of Lee, in the name and by the authority, etc., do further present that James Hanrahan, late of said county, on, etc., at and within the county of Lee, aforesaid," etc. The indictment is preceded by the proper venue clause in the margin, "State of Illinois, Lee county, ss." The county of Lee mentioned in the body of the indictment is to be construed to refer to the county of Lee named in the margin, which appears there to be in the State of Illinois. The indictment is sufficient in this respect.

The court below gave five instructions on behalf of the people, the giving of each of which is assigned for error.

The first was to the effect, that the jury should convict if they found that the defendant shot at the complaining witness, Hetherington, with a shot gun, pistol or revolver, with intent unlawfully, willfully, feloniously, and of his malice aforethought, either expressed or implied, to kill him. This would have clearly made the defendant guilty of an assault with an intent to commit murder, as charged in the indictment, the statutory definition of murder being, the unlawful killing of a human being in the peace of the people, with malice aforethought, either expressed or implied.

The second instruction was, that the intent with which defendant shot at Hetherington, if he did shoot, might be established by circumstantial evidence, and that in determining defendant's intent in shooting, they should take into consideration all the circumstances in evidence surrounding and attending the act. It is objected that the instruction assumes that the defendant did shoot. But this was no disputed fact. All the witnesses, including defendant himself, testified that he did shoot. It is said the jury might have well understood, from the instruction, that they need consider *only* the circumstantial evidence. We do not consider it as open to such objection.

The third instruction was:

" To justify the use of fire arms in self-defence, the defend-
ant in this case must show that the danger to his person or to
the person of some member of his family, or of some person
upon his premises, was so urgent and pressing that a reason-
able man would suppose, from the words, acts and conduct of
Hetherington, at defendant's house, that it was necessary to
shoot to save life or prevent great bodily harm, and that de-
fendant, in shooting, believed, in good faith, that such urgent
and pressing danger then existed."

The same objection is repeated to this instruction—that it
assumes the defendant shot.    The further objection taken to it
is, that it required defendant to show that the facts justifying
his shooting existed, whereas a reasonable doubt as to whether
they existed should have acquitted.    The instruction was upon
the subject of what would justify the use of fire arms in self-
defence, and did not profess to state anything upon the subject
of the amount of the evidence with which the case of self-
defence should be made out, or how fully the jury should be
satisfied in respect to it.    It was not inconsistent with the
idea of acquittal, if there was a reasonable doubt as to the ex-
istence of the facts.    And on behalf of the defendant, the jury
were expressly instructed upon this very point, that if they en-
tertained a reasonable doubt as to whether or not the shooting
was done in self-defence, then they should acquit.    We see no
substantial error in this third instruction.

The fourth instruction was as follows:

" If the jury believe, from the evidence, that after the shoot-
ing at the door of defendant's house, (if the jury believe, from
the evidence, there was any shooting at the door of defendant's
house,) Hetherington drove away, and when at or near the
fence on the public road he stopped his horse, and was then
and there doing no violence and threatening no violence
against the person, property, house or family of defendant,
and that while said Hetherington was sitting there in his
10—91 ILL.

buggy the defendant shot at him from a window in his, defendant's, house, with intent then and there unlawfully, willfully, feloniously, and of his malice aforethought, either expressed or implied, to kill said Hetherington, then the jury should find defendant guilty."

It is objected to this instruction, that it violates the rule which has been laid down by this court that portions of the testimony should not receive undue prominence in this manner in an instruction. Though seemingly somewhat open to this objection, we do not regard it as fatally so, under the circumstances here.

There was a reason for thus distinguishing, as the instruction did, between the two different occasions of shooting, from the fact that it was upon the first occasion alone, where all the alleged circumstances occurred which are claimed as justifying any shooting in self-defence. It is said there is no evidence in the record that after the shooting at the door " Hetherington drove away, and when at or near the fence on the public road he stopped his horse." As we understand it there was evidence to such effect. All the witnesses agree that at the time of the shooting at the door of the house, Hetherington was inside the yard of the house, and that after that he turned away, a witness on one side saying he stopped by the fence, and one on the other side that Hetherington was outside the fence at the time of the shooting from the window. It is further said that the instruction directs a conviction upon a mere preponderance of evidence, ignoring the question of a reasonable doubt. All the foundation for this is, the omission of the words "beyond a reasonable doubt" after the words "If the jury believe from the evidence." By the tenth of defendant's instructions the jury were told that in a criminal case the law requires that the jury shall be convinced, by the evidence, of the defendant's guilt, beyond a reasonable doubt, before they can convict him, and if not thus convinced it was their duty to find him not guilty. In *Peri* v. *The People*, 65 Ill. 19, it

was held that such an omission of these words in one of the people's instructions would not be error where such an instruction as that above was given in behalf of the defendant.

The fifth instruction for the people bears upon the question of presumption as to intent, and correctly states the law in that regard, that every man is presumed to intend the natural and probable consequences of his act, unless a different intent be proven.

· The refusing of the eleventh and twelfth instructions asked by the defendant is assigned for error. The jury were the judges of the credibility of the witnesses, and to have told the jury, as asked by such eleventh instruction, that if two witnesses for the prosecution swore to a particular fact, in which they were contradicted by the defendant and two other witnesses whose credibility was not affected by any evidence in the case, then the jury would not be justified in finding the fact in favor of the prosecution, would have invaded the province of the jury and been improper.

Two certain witnesses had testified to statements made by the defendant, and such twelfth instruction was to the effect that the jury had no right to reject any portion of the statement made by the defendant.

While it is the rule that where the declarations of a party are given in evidence against him, the whole statement is to be received in evidence, it does not follow that the jury are bound to believe the entire statement if they believe any part of it, as the instruction was calculated to lead the jury to understand. If a part of such statement is disproved or contradicted by other witnesses the jury have the right to give effect to the contradictory evidence and reject such part of the statement as not entitled to credence if they so find, while they may accept as true the rest of the statement. The jury were fairly and fully instructed upon the law of the case, and we find nothing in respect of the instructions, either in giving or refusing them, which should cause a reversal of the judgment.

As regards the question of fact, it is true that the evidence is contradictory. It was the province of the jury to judge of the credibility of the witnesses. If they believed the witnesses in behalf of the prosecution, their finding was justified by the evidence. They had the better opportunity to judge of the credibility and weight to be attached to the testimony of the several witnesses. Upon consideration of the testimony we can not say that this is a case which calls for the interference of the court with the verdict of the jury upon the ground of its not being warranted by the evidence.

The judgment must, therefore, be affirmed.

*Judgment affirmed.*