JOHN KIMMEL

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

1. INDICTMENT *for perjury—of its requisites.*  It is not necessary, in an indictment for perjury, to set forth so much of the proceedings of the former trial as will show the materiality of the question on which the perjury is assigned,—it will be sufficient to allege generally that the particular question became a material question.

2. So, where the perjury was assigned upon a statement made by the accused in his testimony before a grand jury, upon the investigation of a charge of embezzlement against a banker, that he had deposited with the banker a package containing a certain specified sum in county orders, in the name of his wife, upon objection that the indictment failed to show that the banker sustained any fiduciary relation to the witness, it was held that it was enough that the indictment alleged that the question upon which the perjury was assigned was a material question in the investigation of the charge of embezzlement, without setting out minutely the transaction in respect to the alleged deposit.

3. The testimony of the accused before the grand jury, in respect to which the perjury was assigned, was to the effect that he had deposited with the banker a package containing $525.71 in county orders, and that while the package was in the banker's custody it was opened and a certain amount of the county orders abstracted, and retained when the package was returned. In view of this testimony it was important to state in the indictment against the witness for perjury the precise amount contained in the package, and the indictment was not bad because it did so state.

4. It was not necessary to give a description of the county orders alleged to have been deposited, in the indictment for perjury.

5. INSTRUCTION—*modification confining jury to the evidence.* Upon the trial of a person under an indictment for perjury, the court instructed the jury, substantially, that intention was the gist of the charge, and although they might believe the accused had sworn falsely, yet unless they believed, from the evidence, that he had so sworn wilfully, corruptly, and falsely, and not by mistake, they must acquit. The court added: "provided any such mistake appears in the evidence." It was *held*, as the object of the modification was to confine the jury to the evidence, it could do no harm, and was not objectionable.

WRIT OF ERROR to the Circuit Court of Union county; the Hon. JOHN DOUGHERTY, Judge, presiding.

Mr. THOMAS H. PHILLIPS, Mr. F. E. ALBRIGHT, and Mr. WM. J. ALLEN, for the plaintiff in error.

Mr. JAMES K. EDSALL, Attorney General, and Mr. WM. S. DAY, State's Attorney, for the People.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an indictment against John Kimmel, for perjury, returned by the grand jury to the circuit court of Union county, where a trial was had and the defendant convicted. A motion for a new trial was entered, which the court overruled, and sentenced the accused to imprisonment in the penitentiary for one year. To reverse the judgment the defendant has sued out this writ of error, and assigns various errors.

The first error relied upon is, that the indictment is insufficient. It appears that a complaint was made before the grand jury against Charles M. Willard, for the crime of embezzlement, and the defendant was sworn and testified as a witness.

It is alleged in the indictment, " that upon said investigation it became and was a material question whether the said John Kimmel, on the 15th day of February, in the year of our Lord one thousand eight hundred and seventy-eight, had deposited in the bank of said Charles M. Willard, at Anna, Union county, Illinois, the sum of $525.71 in county orders, in the name of Nancy M. Kimmel; and thereupon the said John Kimmel, having then and there so sworn as

aforesaid, did then and there, to-wit, on the investigation
of said charge before the grand jurors and the grand jury
aforesaid, willfully, maliciously, feloniously, wickedly, and
corruptly and falsely depose, swear and give in evidence,
among other things, in substance as follows, to-wit: that on
or about the 15th day of February, A. D. 1878, he, the said
John Kimmel, deposited in the bank of Charles M. Willard,
in Anna, Union county, Illinois, a package containing $525.71
in county orders, in the name of his wife, Nancy Kimmel,
whereas, in truth and in fact, the said John Kimmel did not
on the 15th day of February, aforesaid, or on any other day,
deposit in the bank of Willard in Anna, or in any other place
in Union county, Illinois, or elsewhere, a package containing
$525.71 in county orders, or any other kind of funds, in the
name of Nancy Kimmel, or in any other person's name.    And
so the jurors aforesaid, upon their oaths aforesaid, do say that
the said John Kimmel, on the 13th day of March, in the year
last aforesaid, at the county of Union, and State of Illinois
aforesaid, before the grand jurors and the grand jury aforesaid,
their said foreman, James D. Brooks, aforesaid, having lawful
power and authority as aforesaid, by his own act and consent
and of his own most wicked and corrupt mind, in manner
and form aforesaid, falsely, wickedly, feloniously, maliciously
and corruptly did commit willful and corrupt perjury," etc.

The first objection made to the indictment is, that facts
are not averred showing that Charles M. Willard sustained
any fiduciary relation to the defendant, and hence the testi-
mony of the defendant before the grand jury, to the effect that
he did not get back from the bank the same amount of county
orders that he deposited, was immaterial, and would not amount
to perjury.

We do not understand that the authorities required the
pleader to set out minutely in the indictment the transaction
between the defendant and Willard.    In 2 Russell, 639, it is
said :    " It is necessary that it should  appear on the face of
the indictment that the oath taken was material to the question

depending.   But it is not necessary to set forth in the indict-
ment so much of the proceedings of the former trial as will
show the materiality of the question on which the perjury is
assigned; and it will be sufficient to allege generally that the
particular question became a material question." See also, 2
Chitty Criminal Law, 307; *Pollard* v. *The People,* 69 Ill. 148.

In the indictment, while the facts and circumstances under
which the defendant deposited money with Willard are not
detailed, yet it is alleged that it became and was a material
question, on the trial of the charge of embezzlement against
Willard before the grand jury, whether defendant had depos-
ited $525.71 with the said Willard.   This we regard as suffi-
cient, without a statement of the facts showing wherein the
matter sworn to was material.

It is also contended, that the indictment is bad because it
makes the precise sum sworn to have been deposited material.
Under the facts as proven, had the indictment been drawn
otherwise no conviction could have been sustained.   The tes-
timony of the defendant before the grand jury in substance
was, that he had deposited with Willard a package containing
$525.71 in county orders; and that while the package was in
Willard's custody it had been opened, and a certain amount of
the county orders taken out, and retained when the package was
returned.   Whether this statement was true or false depended
upon the amount the package contained when it was deposited,
and hence the necessity of the averment as made in the
indictment.

It is also said the indictment is defective, as it does not set
out a full description of the county orders.   We are aware of
no authority that required a description of the county orders
to be given in the indictment,—nor do we perceive any neces-
sity for setting out the orders in the indictment.

It is also claimed that the court erred in modifying defend-
ant's ninth instruction, which, as asked, read as follows:

" The court instructs you, for the defendant, that inten-
tion is the gist of the action; and that although you may be

satisfied that the defendant swore falsely, yet, unless you further believe, from the evidence, beyond a reasonable doubt, that he did so willfully, corruptly, and falsely, and not by mistake, your verdict should be, not guilty."

The court added, "provided any such mistake appears in the evidence."

The only object of the modification was to confine the jury to the evidence; and as their deliberations would, of necessity, be controled by the evidence before them, we perceive no harm that could come to defendant from the modification.

The point has also been made, that the verdict was not sustained by the evidence. If the testimony of the witnesses called for the people is true,—and we perceive nothing in this record to lead to a different conclusion,—the verdict was fully sustained by the proof.

As no error appears, the judgment will be affirmed.

*Judgment affirmed.*