JAMES HANRAHAN

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Ottawa May 18, 1880.*

1.  CRIMINAL PRACTICE—*when judgment of conviction is affirmed.*  Where a judgment of conviction is affirmed on writ of error, it is error to reinstate the case on the docket, and enter a second judgment for the same offence.  The first judgment is not vacated by its affirmance, and to reinstate the case is entirely useless and the entry of the second judgment does not vacate the first.

2. Where a judgment is affirmed on error, nothing further remains to be done in the lower court. It remains only for the proper officer to execute that judgment. If the defendant is bailed from the sheriff he should be surrendered to that officer, who must proceed to execute the judgment. If bailed from the warden of the penitentiary, he should be surrendered to that officer.

3. Where there is a valid judgment of conviction the entry of a subsequent erroneous order will be no ground for reversing the judgment, but the order will be set aside and vacated by this court without costs against the defendant, with directions to execute the original judgment.

WRIT OF ERROR to the Circuit Court of Lee county; the Hon. WILLIAM BROWN, Judge, presiding.

Mr. B. H. TRUSDELL, for the plaintiff in error.

Mr. JAS. K. EDSALL, Attorney General, for the People.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

At the March term, 1878, of the Lee county circuit court, James Hanrahan was, by the judgment of that court, convicted of an assault with intent to murder one John Hetherington, and sentenced to the penitentiary for the term of two years. The record of that judgment was before us, on error, at the September term, 1878, and we thereupon affirmed the judgment of the circuit court. *Hanrahan* v. *The People*, 91 Ill. 142.

Afterwards, and at the October term, 1879, of the Lee county circuit court, the cause was, on motion of the State's attorney, reinstated on the docket, and the defendant was again sentenced, by that court, in the precise terms of the former sentence. This was against the defendant's protest, and subject to his exception.

The former judgment was not vacated, and so, as the record now stands, the defendant is twice adjudged to suffer the same penalty, or is adjudged to suffer the same penalty twice for a single offence. In either event this adjudication is unauthor-

ized.  In the first event it is wholly useless and unnecessary, and in the other it is plainly contrary to law.

It is provided, where judgments in criminal cases are brought to this court for review (Rev. Stat. 1874, p. 415,) by division 465, of the Criminal Code, 88: " If the judgment is affirmed, the Supreme Court shall direct the court in which the original sentence was rendered to carry the same into effect, and shall give judgment against the plaintiff in error for costs," etc., etc.  And by division 466, § 9, that, " When judgment is affirmed, if the prisoner was bailed from the custody of the sheriff, he shall be surrendered to the sheriff, who shall proceed to execute the judgment of the court; or if bailed from the custody of the warden, he shall be surrendered to such warden," etc., etc.

When the judgment was affirmed in this court nothing more was to be done by the circuit court of Lee county.  It remained only for the proper officers to execute that judgment. The last judgment, however, did not in the least annul or impair the first.  It still remains in full force and effect, and must be executed.  *Brown* v. *Rice,* 57 Maine, 55.

The last entry will be vacated and set aside, and the judgment first entered will be carried into execution.

Since there is a valid judgment of conviction in the circuit court which only needs to be carried into execution, and the correction of the record needs only the vacation of an erroneous entry, there can be no reversal of the judgment of conviction, and no necessity for remanding the cause to the circuit court.  No costs will be taxed against the defendant in this court on this record.

The last entry of judgment will, accordingly, be vacated, and the judgment of the February term, 1878, again affirmed, with directions to carry it into execution.

*Judgment affirmed.*