THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* AARON H. MILLER, Plaintiff in Error.

*Opinion filed June 16, 1914—Rehearing denied October 7, 1914.*

1. CRIMINAL LAW—*when failure to use word "said" or "aforesaid" does not render indictment uncertain.* Where an indictment for giving false testimony before the grand jury avers that it became and was material to investigate and ascertain whether any game had been played with cards, for money, "in the city of Sullivan, in the township of Sullivan and within the county of Moultrie," the fact that thereafter the city of Sullivan is referred to without the word "said" or "aforesaid" does not render the indictment uncertain. (*Prichard* v. *People,* 149 Ill. 50, distinguished.)

2. SAME—*indictment for perjury may set out the substance of the false testimony.* Under our statute it is sufficient for an indictment for perjury to allege the substance of the false testimony. (*Wilkinson* v. *People,* 226 Ill. 135, explained.)

3. SAME—*indictment cannot be impeached by affidavit of one of the grand jurors.* The law does not permit a member of the grand jury which returned an indictment to impeach the indictment by his affidavit.

4. SAME—*perjury may be assigned on false answer though witness could have refused to answer.* Where a question is put to a witness before the grand jury which, if answered truly, will disclose criminal conduct on his part, he may claim his privilege and decline to answer, but if he chooses to answer and his answer is willfully false, perjury may be assigned upon it.

5. SAME—*when fact that the grand jury was selected at proper meeting of supervisors need not be proved.* An indictment for perjury in giving false testimony before a grand jury need not, under the statute, allege that such grand jury was selected at a meeting of the board of supervisors properly convened, and as such matter need not be alleged it need not be proved on the trial.

6. SAME—*fact that the court gives instructions as to the law is not an invasion of province of jury.* The fact that the court, in a criminal case, gives instructions to the jury on questions of law does not amount to an invasion of the province of the jury, which in criminal cases is the judge of the law as well as the facts.

7. SAME—*Criminal Code does not recognize a plea of nolo contendere.* Under the Criminal Code the accused, upon being arraigned, may declare orally, by himself or his counsel, that he is not guilty, or he may enter a plea of guilty, and if he stands mute

or refuses to plead, the court is required to order a plea of "not guilty" to be entered, but the plea of *nolo contendere* is not recognized by the Criminal Code.

8. SAME—*when record of conviction for another offense is not admissible.* On the trial of one charged with testifying falsely before the grand jury, to the effect that he was never present when any game of cards was played, for money, in a certain city, the record of the conviction of the accused for gaming, under an indictment covering the whole county in which said city was located, is not admissible.

CRAIG, J., dissenting.

WRIT OF ERROR to the Circuit Court of Moultrie county; the Hon. WILLIAM C. JOHNS, Judge, presiding.

W. K. WHITFIELD, W. H. WHITAKER, and EDWARD C. CRAIG, for plaintiff in error.

P. J. LUCEY, Attorney General, J. K. MARTIN, State's Attorney, and A. B. GARRETT, (E. J. MILLER, of counsel,) for the People.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

The grand jury of Moultrie county returned into the circuit court an indictment containing four counts, charging the plaintiff in error, Aaron H. Miller, with the crime of perjury. A motion was made to quash the indictment, and it was sustained as to the first three counts and overruled as to the fourth. Upon the trial a verdict of guilty was returned and the plaintiff in error was sentenced to an indeterminate term in the penitentiary.

Error is assigned upon the refusal of the court to quash the fourth count of the indictment, and one reason given is that it was uncertain, not as to the place where the crime was committed, but as to the location of the city of Sullivan, the place to which the false testimony related. The indictment was entitled, "State of Illinois, Moultrie

county," and the fourth count alleged that the grand jurors before whom the false testimony was given were duly and legally empaneled, sworn and qualified as and for the grand jury of the circuit court of Moultrie county, in the State of Illinois; that it became and was a matter material to investigate and ascertain whether any game had been played with cards, for money, in the city of Sullivan, in the township of Sullivan, and within the county of Moultrie, within eighteen months; that the defendant appeared as a witness, and having taken a lawful oath, falsely deposed and gave in evidence that he had not been present when any game had been played with cards, for money, in the city of Sullivan within eighteen months, whereas in truth and in fact, as he well knew, he had been present when a game had been played with cards, for money, in the said city of Sullivan within eighteen months. The ground of the alleged uncertainty is, that on account of the omission of "said," "aforesaid," or any other word indicating reference to the same place, the indictment did not show that the city of Sullivan spoken of in one place was the same city of Sullivan spoken of in another place. There is no ground for an inference that there was some other city of Sullivan, much less that some other city, if there was one, was intended. A case cited to support the argument is *Prichard* v. *People,* 149 Ill. 50, where Joseph Ferguson Prichard was indicted for the crime of bigamy, and the indictment alleged that he married Eliza Ann Sweet and had her for his wife, then known by the name of Eliza Ann Prichard, and that he afterward married Virginia M. Lewis well knowing the said Eliza Ann Ferguson, his former wife, was then alive, the said Joseph Ferguson Prichard never having been legally divorced from the said Eliza Ann Prichard. There was a real ambiguity in the fact that the wife was named in different places as Eliza Ann Sweet, who became known as Eliza Ann Prichard, and also as Eliza Ann Ferguson. The same is true in the case of *Commonwealth* v. *Barnard,* 72 Mass. 488, where

complaint was made before a justice of the peace of the
county of Worcester that Ebenezer Barnard, of Greenwich,
in the county of Hampshire, sold intoxicating liquors, and
it did not appear that the offense was committed in the
county of Worcester or that any magistrate of that county
had jurisdiction of the offense. In *Hanrahan* v. *People,* 91
Ill. 142, the language of the indictment was, "The grand
jurors aforesaid chosen, selected and sworn in and for the
county of Lee," but the indictment was preceded by the
proper venue clause in the margin, "State of Illinois, Lee
county," and it was held that the county of Lee mentioned
in the body of the indictment was to be construed to refer
to the county of Lee named in the margin.

It is said that the indictment was bad because there was
nothing to show that the Aaron H. Miller referred to in
the indictment was the defendant, because it said that it
was material to inquire of "one Aaron H. Miller" concern-
ing the subject under investigation and he was afterwards
referred to as the "said Aaron H. Miller." If there was
any uncertainty in the use of the words "one Aaron H.
Miller" when first mentioned, it was the said Aaron H. Mil-
ler who was alleged to have appeared before the grand jury
and committed the crime of perjury. That objection is
groundless.

A further objection is that the false testimony was set
out in general terms. It is contended that it was not suf-
ficient to set out the substance of the false testimony, and
*Wilkinson* v. *People,* 226 Ill. 135, is cited to sustain that
proposition. There is a statement to that effect in that
case, but evidently the court had in mind the rigid rules
once existing requiring the greatest precision, certainty and
particularity in indictments for perjury, and not our stat-
ute for the punishment of the crime, which contains a spe-
cial provision that it is sufficient to allege the substance
of the testimony. The statute is controlling, and it has
been the practice in this State to allege the substance of

false testimony.  *Pankey* v. *People,* 1 Scam. 80; *Kimmel* v. *People,* 92 Ill. 457; *Johnson* v. *People,* 94 id. 507.

It is also insisted that the court ought to have quashed the indictment because an affidavit of a grand juror attached to the motion stated that no witness appeared before the grand jury testifying in reference to the facts that had been testified to by the defendant, and that he was subpoenæd and compelled to testify before the grand jury. The abstract shows that the court was informed that the affidavit had been filed, but it was not read or presented or offered to be presented.  Other members of the grand jury made an affidavit directly contradicting the affidavit attached to the motion, but the court would not have been justified in acting upon the affidavit of the grand juror who sought to impeach an indictment returned by the grand jury of which he was a member, since the law does not permit a member of the grand jury to do that.  (*Gitchell* v. *People,* 146 Ill. 175; *People* v. *Nall,* 242 id. 284.)  Aside from the disability of the grand juror to make the affidavit, the fact that the defendant was brought before the grand jury to testify about a matter in which he was himself concerned is answered by the decision in *Mackin* v. *People,* 115 Ill. 312, where it was decided that if a question is put to a witness before a grand jury and his answer would have the effect of disclosing criminal conduct on his part he may claim his privilege and decline to answer, but if he does answer and his testimony is willfully false, perjury may be assigned upon it.  He has the privilege of declining to give evidence against himself but he is not privileged to swear to falsehoods.

The court did not err in refusing to quash the fourth count of the indictment.

The next proposition is, that the judgment cannot stand because the People did not prove on the trial that the grand jury before whom the false testimony was given had been selected at a properly organized and regularly convened

meeting of the board of supervisors or was a special grand
jury called by the judge and selected by the sheriff.    The
case of *Marsh* v. *People,* 226 Ill. 464, is relied upon to
sustain that proposition.    In that case there was a motion
to quash the indictment because the grand jury which re-
turned it was not a lawful grand jury, not having been
selected according to law.    It was held, following *Berken-
field* v. *People,* 191 Ill. 272, that if the legality of the grand
jury is challenged it must be done before pleading to the
indictment, by motion to quash or challenge to the array.
If counsel refer to the grand jury returning this indict-
ment, the doctrine stated applies and the objection is not
available.    We do not so understand counsel, and if we
are correct in our understanding the decision relied upon
has no relation to the question, and the statute before re-
ferred to, relating to the crime of perjury, provides that an
indictment shall be sufficient without setting forth the com-
mission or authority of the court or other authority before
whom the perjury was committed, or the form of the oath
or affirmation, or the manner of administering the same.
As it was not necessary to allege that the grand jury be-
fore whom the defendant testified was selected at a meet-
ing of the board of supervisors properly convened, it was
not necessary to prove it.

It is also contended that the People did not prove that
all of the grand jury were sworn.    The record recited that
the sheriff returned the venire showing all the members of
the grand jury served with the exception of one not found
in the county.    Those summoned answered to their names
and the court excused two, and the sheriff, by order of the
court, selected three persons to take the places of the juror
not found and the two excused.    The record then contin-
ued:    "All now give their personal attendance as a grand
jury in and for the body of the county at the present term
of this court, and George Reuss, one of the aforesaid grand
jury, having been appointed foreman, they were duly sworn

and charged by the court." We do not see how it can be said that only the three men selected by the sheriff were sworn.

The court instructed the jury that the record was sufficient, in law, to show that the foreman and the grand jury were sworn, and it is objected that the court thereby invaded the province of the jury, which in criminal cases is the judge of the law as well as the facts. It is conceded that the proper construction of the record was a question of law, and the fact that a jury in a criminal case may disregard instructions as to the law has never been regarded as preventing the court from giving them.

The defendant was proved guilty beyond all doubt or question. He kept a gaming house in the city of Sullivan, in Moultrie county, and was present at games played with cards, for money, in his gaming house and participated in such games. When he was asked whether he had been present at such games, instead of refusing to answer he chose to commit perjury by willfully and intentionally answering untruthfully. When put upon trial for his crime he offered no evidence in his own behalf. The court committed an error in admitting evidence which could not and did not work any harm or injury to the defendant, because he was proved guilty by other uncontradicted evidence. The evidence improperly admitted consisted of an indictment for gaming in the county of Moultrie, a plea of *nolo contendere* by the defendant, and a judgment by which the defendant was fined. The plea of *nolo contendere* is one which has been recognized in other jurisdictions and regarded as different from a plea of guilty in the fact that the party who pleads it is not estopped by it in other proceedings. But our Criminal Code does not recognize such a plea. The accused, upon being arraigned, may declare orally, by himself or his counsel, that he is not guilty, and if he enters such a plea it constitutes the issue between him and the People. He may enter a plea of guilty, or if he stands mute

or refuses to plead, the court is required to order a plea of "not guilty" to be entered. It is sufficient to say here that the record was not competent evidence because the charge in the .indictment covered the whole county of Moultrie, without considering whether the plea was a formal admission of guilt, or whether a judgment of conviction is admissible as evidence in another prosecution. The jury could not possibly have found any different verdict from the other evidence.

What has been said meets all objections to instructions other than the one particularly mentioned above.

The judgment is affirmed.          *Judgment affirmed.*

Mr. JUSTICE CRAIG, dissenting:

I think the fourth count of the indictment, the substance of which is set out in the majority opinion of the court, was defective, and the motion to quash the same for the reason, among others, that it does not appear from the indictment, or any count thereof, that the alleged false testimony was material to the question under investigation by the grand jury should have been sustained. An indictment for perjury must charge the false swearing to be in a matter material to the issue or point in question. The only offenses that the grand jury of Moultrie county were authorized to inquire into were offenses committed in that county. Nothing else could be material, and testimony given in any matter concerning which the grand jury had no authority to swear a witness or take testimony could not be material or the foundation of an indictment for perjury. The fourth count of the indictment averred that it was a matter material to investigate whether any game had been played with cards, for money, in the city of Sullivan, within the county of Moultrie. The count then charged that the defendant, having taken a lawful oath, falsely deposed and gave in evidence that he had not been present when any game had been played with cards, for

money, in the city of Sullivan,—without mentioning any county or stating it was the same city of Sullivan or said city of Sullivan. The fault of the indictment is that it fails to allege that the game played with cards, for money, about which the defendant testified, took place within the county of Moultrie, which was a necessary averment to make the inquiry material and a matter which the grand jury had authority to investigate.