## The People of the State of Illinois, Defendant in Error, v. Frank Barney, Plaintiff in Error.

### Gen. No. 6,703.

1. CRIMINAL LAW, § 55*—*right to change of venue.* The right to a change of venue being statutory, the one seeking it must bring himself within the requirements of the statute.

2. CRIMINAL LAW, § 62*—*notice of application for change of venue.* What notice to the State's Attorney of an application for a change of venue is reasonable is left to the discretion of the judge to whom the application is made, and this discretion will not be interfered with unless abused.

3. CRIMINAL LAW, § 62*—*effect of failure to give notice of appli-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

*cation for change of venue.* Failure to give any notice to the State's Attorney of the application for a change of venue is sufficient legal ground for refusing the application.

4. CRIMINAL LAW, § 396*—*when Appellate Court without jurisdiction to pass on excessiveness of penalty prescribed by statute.* The Appellate Court has not jurisdiction to pass upon a contention that the punishment fixed by a statute as out of proportion to the nature of the offense, the determination of a constitutional question being involved.

5. CRIMINAL LAW, § 388*—*sentence on more than one count.* While the trial court may, in its discretion, cumulate the punishment fixed for the conviction on different counts of an indictment, the punishment on each particular count and with reference to such count must be specified, and it must also be specified that the punishment which defendant shall suffer with reference to the particular count shall commence at the expiration of the punishment under the last preceding count; it is not proper to sentence defendant in gross for a certain accumulated number of days.

6. CRIMINAL LAW, § 109*—*judicial notice of practicability of street work during winter months.* It is a matter of common knowledge that very little street work is feasible or practicable on the streets of towns or cities or on the public roads in the winter season, or for about 4 months of the year.

7. CRIMINAL LAW, § 387*—*when sentence erroneous.* It is error for the court, in sentencing to work upon the streets and roads one found guilty of selling intoxicating liquor in anti-saloon territory under forty-nine counts of the indictment, to provide that he shall be confined in the county jail when not at work on such streets and roads, in view of the fact that there are about 4 months of the year when such work is not feasible and such authority to inflict double punishment not being warranted by the provisions of Hurd's Rev. St. ch. 38, secs. 168a, 168c (J. & A. ¶¶ 3794, 3796).

8. CRIMINAL LAW, § 383*—*when statute not construed as providing for double punishment.* In enacting Hurd's Rev. St. ch. 38, secs. 168a, 168c (J. & A. ¶¶ 3794, 3796), it was not the purpose of the General Assembly to empower the court to inflict double punishment by compelling a defendant to work upon the streets and alleys of cities or towns and also suffer punishment by imprisonment in the county jail, but that the court should administer either one punishment or the other.

9. CONVICTS—*custody.* Hurd's Rev. St. ch. 38, secs. 168a, 168c (J. & A. ¶¶ 3794, 3796), contemplates that a defendant who is to be punished by being compelled to work upon the streets and alleys of a city or town shall be placed in custody and under the control

---

*See Illinois Notes Digest, Vols. **XI** to **XV**, and Cumulative Quarterly, same topic and section number,

of a street commissioner or marshal, or of some other particular official, who is to have legal charge of him for the street work or road work he is compelled to do, or that he may be placed in the custody and under control of the sheriff for work to be done for the county.

Error to the County Court of Boone county; the Hon. WILLIAM C. DE WOLF, Judge, presiding. Heard in this court at the October term, 1919. Reversed and remanded with directions. Opinion filed April 21, 1920.

B. A., W. D. and A. J. KNIGHT, for plaintiff in error.

F. A. OAKLEY, for defendant in error.

MR. PRESIDING JUSTICE NIEHAUS delivered the opinion of the court.

The plaintiff in error, Frank Barney, was indicted in the circuit court of Boone county for selling intoxicating liquor in anti-saloon territory. The indictment contains fifty counts. The fiftieth count is a nuisance count. The indictment was certified to the county court for trial, and the plaintiff in error pleaded not guilty to the indictment and waived a trial by jury, and agreed to have the issues tried by the court. The cause was thereupon set for trial for March 31, 1919, and on that day was called for trial. The plaintiff in error then asked for a continuance until 2 o'clock in the afternoon, and this motion was denied, but the court postponed the hearing until 11 o'clock a. m. Five minutes before 11 a. m., plaintiff in error filed a petition for change of venue, alleging as a ground therefor that the judge of the county court, before whom the case was pending, was prejudiced. The change of venue was denied, and thereupon the case proceeded to trial and the court heard the evidence, and found the plaintiff in error guilty on all the counts of the indictment including the nuisance count, and sentenced the plaintiff in error to hard labor on the streets and alleys of any city, town or public road of the county, for

a period of 30 days consecutively on each of the first forty-nine counts, and to pay a fine of $100 on each of said forty-nine counts, the sentence to labor on the streets and alleys of any city, town or the public roads of the county on each of the first forty-nine counts to follow consecutively on each and every one of said counts at the expiration of the sentence on the next preceding count. And the court also ordered as a part of the sentence that the plaintiff in error be required to labor on the streets and alleys of any city, town or on the public roads of the county for 50 days on the fiftieth count, and that the sentence to hard labor on the streets and alleys of any city, town or public road of the county on said fiftieth count beginning at the expiration of the term imposed for the forty-ninth count, making a total sentence to labor of 1,520 consecutive days, and a total fine of $5,000. The court also ordered that he pay the costs of the suit. And as a part of the sentence to labor on the streets and alleys of any city or town or on the public roads of the county, if said fines and costs were not paid, that the plaintiff in error work out the same, on the streets and alleys of any city or town, or on the public roads of the county, at the rate of $1.50 per day, until such fine and costs were paid. The court also ordered as a part of the sentence that when the plaintiff in error was not at labor, as in the sentence directed, he should be confined in the county jail of the county. It is estimated that if the plaintiff in error be unable to pay his fine and therefore compelled to work it out, his imprisonment will extend over a period of 14 years. From this judgment of conviction and sentence, a writ of error is now prosecuted.

A question is raised concerning the action of the court in refusing to grant the change of venue, and it is contended that it was error to refuse to grant it. The right to a change of venue is provided by the statute, under certain conditions. It being a statutory

matter, the party insisting on the change of venue must bring himself within the statutory requirements. *Hutson v. Wood*, 263 Ill. 376. One of the requirements of the statute is that reasonable notice be given the State's Attorney of the application for change of venue. What is a reasonable notice is left to the discretion of the judge to whom the application is made in the particular case, and the exercise of this discretion will not be interfered with unless it is abused. *Glos v. Garrett*, 219 Ill. 208. In this case, however, the record does not disclose that any notice at all was given the State's Attorney of the application, which of itself was sufficient legal ground for a denial of the change of venue.

An objection to the sentence is made that the punishment, which is cumulated, is excessive. The record shows that the plaintiff in error was convicted on each count for a third offense, and the punishment fixed by the court is the minimum punishment provided by the statute for a conviction for a third offense. The contention is therefore in effect that the punishment, which is fixed by the statute, is out of proportion to the nature of the offense and involves the determination of a constitutional question, which this court is unable to adjudicate for lack of jurisdiction.

We are of opinion, however, that the sentence does not meet the requirements of the law in other respects. While the court may, in its discretion in a case of this kind, cumulate the punishment fixed for the conviction on the different counts of an indictment, it is necessary in that regard to specify the punishment on each particular count and with reference to such count; and, to further specify, that such punishment which the defendant shall suffer with reference to the particular count shall commence at the expiration of the punishment under the last preceding count. It is not proper to sentence the defendant in gross for a certain accumulated number of days. In *People v. Elliott*, 272 Ill.

592, the Supreme Court clearly defines the proper method of cumulating punishment under different counts of an indictment for a misdemeanor of which the defendant stands convicted. In that case the sentence imposed was substantially like the one in the present case, except that it was for imprisonment in the county jail instead of for work upon the highways, and the total number of days fixed in that case was 720 instead of 1,520 cumulated in this case. The court states that: "The sentence as to imprisonment * * * was that he should be confined in the county jail of Macon county for a period of 10 days on each of the first seventy counts, and a period of 20 days on the last or the seventy-first count, and that the jail sentences should run consecutively, making a total of 720 days in jail"; and holds, that the provision that the sentences shall run successively is equivalent to providing that they shall run consecutively, but that the rule established in this State is, "that where a defendant is sentenced upon different indictments or different counts of the same indictment, the correct method of entering judgment is not for the total time in gross, but for a specified time *under each count, separately,* the time under the second count to commence when the first ends, and so on to the last." It is apparent that this rule was not followed in the present case, and the sentence in that respect needs correction. And the sentence is also erroneous in other respects. In addition to sentencing the plaintiff in error to work upon the streets and alleys of any city, town or public roads of the county, the court sentenced him to confinement in the county jail when not at work upon the streets and alleys. It is a matter of common knowledge that very little street work is feasible or practicable on the streets of towns or cities or on public roads in the winter season, that is for a period of about 4 months of each year. It is evident, therefore, that this jail sentence may involve an additional period of im-

prisonment of many months. Section 168a of chapter 38 of Hurd's Revised Statutes (J. & A. ¶ 3794) provides that hereafter any person convicted in any court of record of any misdemeanor under the criminal code of this State, the punishment of which in whole or in part now is, or hereafter may be, imprisonment in the county jail, the court in which such conviction is had may, in its discretion, sentence such person to labor in the workhouse of any city, town or county where the conviction is had, or on the streets and alleys of any city, town or on the public roads of the county, under any street commissioner, city marshal or person having charge of the workhouse, streets, or public roads of said city, town or county, or to such labor under the direction of the sheriff as the county may provide for; and section 168c of the same chapter (J. & A. ¶ 3796) provides that any keeper of any workhouse, street commissioner, city marshal or supervisor of roads, or person in whose keeping such convicted person shall be placed, may provide for the safe-keeping of such person, during the time he may be in his charge, by providing balls and chains, and attaching them to such person at any time, and may, if deemed necessary to prevent the escape of such prisoner, confine him in the county jail during the night; and at any other time said prisoner cannot be kept at work. It appears to be obvious that it was not the purpose of the General Assembly in enacting the foregoing sections of the statute to empower the court to inflict double punishment by compelling a defendant to work upon the streets and alleys of cities or towns and also suffer punishment by imprisonment in the county jail, but that the court should administer either one punishment or the other. The matter of the confinement of the plaintiff in error in the county jail for safe-keeping, while not at work, is left by the statute to the ministerial discretion of the official into whose custody and under whose control the defendant is placed by the sentence. Under the

The People v. Barney, 217 Ill. App. 322.

general terms of this sentence, it cannot be determined which one of the different city or town officials shall have charge and control of the plaintiff in error, or who may have charge of him first; or, if one shall have taken charge of him, for what length of time he may hold him, or which one of the other officials he shall turn him over to, after that, nor for how long. We are of opinion that the statute contemplates that a defendant who is to be punished by being compelled to work upon the streets and alleys of a city or town shall be placed in custody and under the control of a street commissioner or marshal, or of some other particular official who is to have legal charge of him for the street work or road work he is compelled to do, or that he be placed in the custody and under control of the sheriff for work to be done for the county.

For the reasons stated, the judgment and sentence of the court is reversed and the cause is remanded to the county court, with leave to the State's Attorney to move for, and with direction to the court to enter, a judgment and sentence in accordance with the views herein expressed.

*Reversed and remanded with directions.*