### The People of the State of Illinois, Defendant in Error, v. Mary Herman, alias Mamie Gale, Plaintiff in Error.

## Gen. No. 7,660.

1. CRIMINAL PROCEDURE—*substitution of sentence to labor for imprisonment.* In cases in which imprisonment in the county jail constitutes all, or a part of the penalty, the court may substitute a sentence to labor for imprisonment in the jail.

2. CRIMINAL PROCEDURE—*imprisonment for nonpayment of fine.* The part of a judgment in a criminal prosecution that the defendant be confined in the county jail until the imposed fine and costs are satisfied at the rate $1.50 a day, improperly confused the provisions of Cahill's St. ch. 38, ¶ 383, with those of paragraph 384 and should have followed paragraph 384 by directing how the fine should be worked out at the money rate per day.

Error by plaintiff to the Circuit Court of Rock Island county; the Hon. NELS A. LARSON, Judge, presiding. Heard in this court at the October term, 1926. Reversed and remanded with directions. Opinion filed August 4, 1927.

RAY I. KLINGBIEL and BEN A. STEWART, for plaintiff in error.

OSCAR CARLSTROM, Attorney General, and BENJAMIN S. BELL, State's Attorney, for defendant in error; EDW. L. EAGLE, of counsel.

MR. PRESIDING JUSTICE JETT delivered the opinion of the court.

This record discloses that Mary Herman, alias Mamie Gale, plaintiff in error, was indicted for murder at the September term, 1924, of the Rock Island county circuit court. She was tried on said charge of murder and the jury on January 20, 1925, found her guilty of an assault with a deadly weapon. On February 10, 1925, judgment and sentence of the court was passed on the defendant. The judgment is as follows:

"It is the judgment and sentence of the Court that the said defendant be imprisoned in the county jail of Rock Island County for a period of one year and that she pay a fine of one thousand dollars ($1,000.00), together with the costs of this prosecution, and at the conclusion of the period of confinement in the county jail for one year, and if said fine and costs be not paid, it is ordered by the Court that the said defendant be confined in the county jail until the said fine and costs are satisfied at the rate of one dollar and a half per day, or until otherwise discharged pursuant to law."

The plaintiff in error was committed to the county jail of Rock Island county where she served the sentence of a year as directed in the judgment and was detained and imprisoned in the county jail on account of the nonpayment of the fine of $1,000 and the costs of suit.

On March 3, 1926, plaintiff in error filed an amended petition to be discharged as a pauper in which she alleged that she had been confined in the county jail for a year and more in pursuance of the judgment aforesaid; that she was a pauper, having no property or estate, real or personal, wherewith to pay the fine of $1,000 and the costs of said suit or any part of said fine or costs, and that all legal means for the collection of said fine and costs had been exhausted, and prayed to be discharged as a pauper from imprisonment and confinement in the county jail because of the nonpay-

ment of the fine and costs according to the statutes in such cases made and provided.

On the 22nd of March, 1926, a hearing was had upon said amended petition to be discharged. The trial court at the conclusion of said hearing overruled the prayer of said petition and refused to discharge the plaintiff in error. The plaintiff in error sued out a writ of error from this court which upon her application and the giving of bond required by this court was made a supersedeas and from which time the plaintiff in error has been at liberty on bond. To reverse said judgment and sentence and rulings of the trial court plaintiff in error assigns for error the following:

(1) That the said judgment and sentence of the court is improper, illegal, unwarranted and unauthorized and is contrary to the laws and statutes of the State of Illinois.

(2) That the court erred in denying and overruling the petition of defendant to be released and discharged from further imprisonment as a pauper.

(3) That the court erred in failing and refusing to discharge the plaintiff in error as a pauper from further imprisonment.

In view of the confusion that seems to exist concerning punishment for misdemeanors, it may be well to review the various statutes relating thereto.

In cases in which imprisonment in the county jail constitutes all, or a part, of the penalty, the court may substitute for imprisonment in the county jail *a sentence to labor*. The authority to substitute a sentence to labor for imprisonment in the county jail in larceny cases is found in that part of section 389, chapter 38, Smith-Hurd Statutes, 1925, Cahill's St. ch. 38, ¶ 382, which prescribes the penalty for petit larceny. The authority to substitute a sentence to labor for imprisonment in the county jail, where a person is convicted of "any misdemeanor under the criminal code," is found in section 390, chapter 38, Smith-Hurd Stat-

utes, Cahill's St. ch. 38, ¶ 383, in this language: "The court in which such conviction is had, may in its discretion, instead of committing to jail, sentence such person to labor."

In substituting such sentence under section 390, the court may order and direct such labor to be performed: (a) In the workhouse of any city, town or county, where the conviction is had; (b) on the streets and alleys of any city, town or on the public roads of the county; the sentence may also be (c) to such labor as the county board may provide for. In this case the labor may be ordered to be performed under the direction of the sheriff.

By section 758, chapter 38, Cahill's St. ch. 38, ¶ 783, which should be read in connection with section 390, the authority to sentence to labor is in the following language:

"Any person convicted, in a court   *   *   *   of any crime or misdemeanor, the punishment of which is confinement in the county jail, may be sentenced   *   *   * to labor for the benefit of the county   *   *   *   in the workhouse, house of correction or other place provided for that purpose by the county or city authorities."

Under this section, the authority to sentence to labor, instead of to imprisonment in the county jail, is not limited to misdemeanors, under the criminal code, but extends to any misdemeanor the punishment of which is confinement in the county jail.

The court, it seems, may sentence "to labor" as a substitute for "imprisonment in the county jail," but not in addition to such imprisonment. *People v. Barney,* 217 Ill. App. 322.

When a sentence to labor is imposed, the court will place the convict in the keeping of some person as authorized by section 392, chapter 38, Cahill's St. ch. 38, ¶ 385, and the person in whose keeping he is placed may provide for his safe-keeping, and to that end may use balls and chains, and, if deemed necessary to pre-

vent his escape, may "confine him in the county jail at night and at any other time such prisoner cannot be kept at work." *People v. Barney, supra.*

When the fine was imposed the court had authority to order, as part of the judgment, that the defendant be committed to jail, there to remain until the fine and costs were fully paid, or until she was discharged according to law. (Section 762, chapter 38, Cahill's St. ch. 38, ¶ 787.) If that had been the judgment and order of the court, the defendant could have paid the fine and costs and been discharged from imprisonment. The fine and costs might have been collected on execution as authorized by section 764, chapter 38, and when so collected the defendant would have been entitled to her discharge from imprisonment, or defendant might have made application for discharge under section 766, chapter 38, Cahill's St. ch. 38, ¶ 790, and upon proper showing been discharged as a pauper.

The court, when this fine was imposed, judging from the order it entered, intended that the defendant should pay it either in money or labor.

In making the order for payment in labor, in default of payment in money, the court has confused the provisions of section 390, Cahill's St. ch. 38, ¶ 383, with those of section 391, Cahill's St. ch. 38, ¶ 384. This order should have followed section 391. It should have directed that defendant work out such fine and all costs: (a) In the workhouse of the city, town or county, or (b) in the streets and alleys of the city or town, or (c) on the public roads in the county under the proper person in charge of such workhouse, streets, alleys or public roads, at the rate of $1.50 per day. Then the "proper person," in whose keeping the order placed her, could provide for her safe-keeping by the use of balls and chains and, if he deemed it necessary to prevent her escape, he could confine her in jail during the night, and at any other time she could not be kept at work, as provided in section 392, chapter 38.

Where a proper order is entered under section 391, requiring payment of a fine in labor at $1.50 per day, the defendant cannot secure a discharge under section 766 by showing he has "no estate wherewith to pay such fine and costs or costs only." He must nevertheless pay in labor, as provided in the order, at least unless he can show he is unable to perform labor. *People v. Jaraslowski*, 254 Ill. 299.

From the foregoing, it will be seen that section 390 authorizes the court to substitute "a sentence to labor" for "imprisonment in the county jail," while section 391 authorizes the court to order the payment of a fine in labor at $1.50 per day. It will also be seen that the labor, in either case, shall be performed under the person in whose keeping the prisoner is placed, as authorized by either section 390 or 391 and may provide for safe-keeping of the convict in the manner and by the means specified in section 392. The judgment in this case does not follow the statute.

Other questions have been raised but in view of the conclusion we have reached we do not deem it necessary to discuss them in this opinion. The judgment as entered was contrary to the statute and the cause will be reversed and remanded to the circuit court of Rock Island county with directions to enter a judgment and sentence in accordance with the statute and the views herein expressed.

*Reversed and remanded with directions.*