ISIDOR BERKENFIELD

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Opinion filed June 19, 1901—Rehearing denied October 8, 1901.*

1. APPEALS AND ERRORS—*when objection that grand jury was improperly constituted is not preserved on appeal.* An objection that the grand jury was irregularly constituted is not preserved for review, on appeal, by a motion to quash the indictment "because said indictment is wholly insufficient, in law, to require this defendant to plead thereto," since, to be available on appeal, the motion must specifically point out that the grand jury was not legally assembled.

2. SAME—*one cannot avail of error in his own favor.* That a judgment of conviction merely commits the accused to imprisonment in the county jail until his fine shall be satisfied at the rate provided, instead of requiring him to work out such fine, is an irregularity in favor of the accused, of which he cannot complain.

3. CRIMINAL LAW—*representation by partner as to firm's financial standing is within section 97 of Criminal Code.* A false written statement by one partner as to the financial standing of the firm, whereby the person extending credit on the faith of such statement is defrauded, is within the meaning of section 97 of the Criminal Code, providing for the punishment of a person who obtains credit by false representation in writing of "his own" financial standing.

4. SAME—*party may be imprisoned to satisfy fine after serving term fixed for punishment.* Under sections 168b and 452 of the Criminal Code a judgment convicting a person of a single offense for which both fine and imprisonment are imposed, may order that he be imprisoned, in case of failure to pay the fine, until the fine is paid or he is discharged according to law, such imprisonment to commence at the expiration of the term fixed as punishment for the crime.

5. CONSTITUTIONAL LAW—*act creating Branch Appellate Courts is constitutional.* Section 11 of article 6 of the constitution is authority for the act creating Branch Appellate Courts, and the judgments of such courts are therefore binding and valid.

*Berkenfield v. People,* 92 Ill. App. 400, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Criminal Court of Cook county; the Hon. A. N. WATERMAN, Judge, presiding.

JAMES R. WARD, for appellant.

HOWLAND J. HAMLIN, Attorney General, (CHARLES S. DENEEN, State's Attorney, MORITZ ROSENTHAL, and JOSEPH A. GRIFFIN, of counsel,) for the People.

Mr. JUSTICE HAND delivered the opinion of the court:

The defendant, Isidor Berkenfield, was indicted by the grand jury, at the January term, 1899, of the criminal court of Cook county, for obtaining credit from the Continental National Bank of Chicago by means of a certain false and fraudulent statement in writing signed by him as to the financial standing and responsibility of the firm of S. Levy & Co., of which firm he was a member, by means whereof said Continental National Bank was defrauded by said firm out of a large sum of money.

The indictment contained nine counts, the first, second, third and eighth of which were abandoned upon the trial, the prosecutor, under the direction of the court, having elected to proceed against the defendant only upon the fourth, fifth, sixth, seventh and ninth counts thereof, which counts were founded upon section 97 of the Criminal Code, (Hurd's Stat. 1899, chap. 38, p. 583,) which section reads as follows: "Whoever, by any false representation in writing, signed by him, of his own respectability, wealth, or mercantile correspondence or connections, obtains credit, and thereby defrauds any person of money, goods, chattels or any valuable thing, or whoever procures another to make a false report in writing, signed' by the person making the same, of his honesty, wealth, mercantile correspondence or connections, and thus obtains credit, and thereby defrauds any

person of any money, goods, chattels or other valuable thing, shall be sentenced to return the money or property so fraudulently obtained, if it can be done, and shall be fined not exceeding $2000, and confined in the county jail not exceeding one year." A motion to quash the indictment having been overruled, the defendant entered a plea of not guilty, whereupon a trial was had resulting in his conviction. A motion for a new trial and in arrest of judgment having been denied, the court rendered judgment upon said verdict, to reverse which the defendant sued out a writ of error from the Appellate Court for the First District, and said judgment having been affirmed by the Branch Appellate Court for said district, the defendant has brought the case to this court for further review.

It is first contented that the grand jury which found the indictment was not drawn and empaneled as required by law, and that such question is saved upon this record by the fourth ground of the motion to quash the indictment, which is as follows: "Because said indictment is wholly insufficient, in law, to require this defendant to plead thereto." We do not agree with such contention. Regardless of what the law may be in other jurisdictions, it is well settled in this State that an irregularity in the constitution of the grand jury is waived unless the defendant raise the question in apt time by a challenge to the array, or by motion to quash the indictment upon the ground that it was not found by a grand jury legally constituted. The motion to quash, in this case, is not sufficiently broad to raise such question. To be available here, such motion should have specifically pointed out to the court below that the indictment was found by a grand jury not legally assembled. (*Stone* v. *People,* 2 Scam. 326; *Williams* v. *People,* 54 Ill. 422; *Barron* v. *People,* 73 id. 256; *Gitchell* v. *People,* 146 id. 175; *Hagenow* v. *People,* 188 id. 545.) In the *Stone case,* on page 333, we say: "The question should have been presented to the circuit

court either on a challenge to the array of the grand jury
or on a motion to have quashed the indictment for the
reason that the indictment was found by a body not le-
gally assembled." In the *Barron case*, on page 258, it is
said: "The first point made is, that on the order for a
special *venire* of twenty-three good and lawful men of
Cook county to serve as grand jurors at that term but
nineteen persons were returned, and therefore the body
finding the indictment was illegally constituted and their
act was without the authority of law. No objection to
this mode of executing the *venire* was made in the court
below in any form, and it is now too late to make it. The
proper practice doubtless is, and such is the requirement
of the statute and of this special *venire*, that twenty-three
persons shall be summoned, but it is expressly provided
that sixteen of them shall be sufficient to constitute the
grand jury. An indictment found by a grand jury com-
posed of nineteen persons would, after verdict, no objec-
tion having been made by motion to quash the indictment
or by challenging the array, be a legal finding." And in
the *Hagenow case* the record shows the grand jury to have
been drawn and empaneled in the same manner in which
it was drawn and empaneled in this case. On page 549
the court say: "No motion to quash the indictment was
interposed, and no proof appears in the record, nor was
any offered, so far as the record discloses, as to the man-
ner in which the grand jury was selected. In *Gitchell* v.
*People*, 146 Ill. 175, it is said (p. 186): 'As a general rule,
pleading to an indictment admits its genuineness as a
record. * * * After a party has pleaded to an indict-
ment and been convicted, it is too late to object to the
constitution of the grand jury.' * * * Authorities cited
by counsel for plaintiff in error in support of the conten-
tion that an indictment found by a grand jury irregularly
chosen is void, are all cases, so far as we have been able
to examine them, where exception was regularly and
specially made in apt time. The alleged irregularity in

the drawing and selection of the grand jury, as presented by the record, comes too late to be available as an objection."

It is next contended that the indictment in this case does not charge a criminal offense against the defendant, and it is, in effect, argued, that although said statement was false in fact and was made for the purpose of obtaining credit, and although said bank, relying thereon, extended credit to S. Levy & Co. and was defrauded, and although the defendant, as a member of said firm, participated in the fruits of said fraud, still no offense has been committed by him under said statute, as the words "his own," contained therein, are not sufficiently broad to include the partnership of S. Levy & Co., of which he was a member.    The statement in writing counted upon in the indictment was signed, "S. Levy & Co.—By I. Berkenfield," of which firm the defendant was a member. The firm of S. Levy & Co. cannot be separated from the individuals who compose it.   A representation of the defendant as to the financial standing of S. Levy & Co. was a representation as to the financial standing of the individuals composing said firm, of which he was one.   If the members of the firm were solvent then the firm was solvent.    The extension of credit to the firm was the extension of credit to the individual members thereof.    There was no such person, either actual or artificial, in existence as S. Levy & Co., distinguished from S. Levy and Isidor Berkenfield. (*Meadowcroft* v. *People,* 163 Ill. 56.) The statement of the defendant, therefore, as to the financial standing of S. Levy & Co., was a statement of his own financial standing, and falls within the letter as well as the spirit of the statute.    The indictment, therefore, sufficiently charged an offense against the defendant.

The defendant was sentenced to imprisonment in the county jail of Cook county for the period of one year and to pay a fine of $1000 and the costs of the proceeding; and it was provided that if, at the expiration of said term

of imprisonment of one year, said fine and costs be not paid, he be confined in the county jail until such fine and costs were fully satisfied, at the rate of $1.50 per day, or until he was otherwise discharged pursuant to law. It is insisted that such judgment and sentence are contrary to law, and void, for the reason that the court had no authority to order defendant to be confined in the county jail for a failure to pay the fine and costs, the imprisonment for such failure to commence at the expiration of the time of imprisonment imposed as a punishment for the offense itself, and for the further reason that the court had no authority to require said defendant to serve out said fine and costs at the rate of $1.50 per day, unless sooner discharged by law.

Under an indictment charging a single offense upon a conviction for which both fine and imprisonment may be imposed, the court may properly order the defendant, for a failure to pay such fine and costs, to be imprisoned, such imprisonment to commence after the expiration of the term fixed as a punishment for the crime, otherwise the sentence of imprisonment and fine would be satisfied by imprisonment only. Section 452 of the Criminal Code (Hurd's Stat. 1899, chap. 38, p. 638,) is as follows: "When a fine is inflicted, the court may order, as a part of the judgment, that the offender be committed to jail, there to remain until the fine and costs are fully paid or he is discharged according to law." Section 168b of the Criminal Code (Rev. Stat. 1899, chap. 38, p. 598,) is as follows: "That any person convicted of petit larceny, or any misdemeanor punishable under the laws of this State, in whole or in part, by fine may be required by the order of the courts of record, in which the conviction is had, to work out such fine and all costs in the workhouse of the city, town or county, or in the streets and alleys; of any city or town, or on the public roads in the county, under the proper person in charge of such workhouse, streets, alleys, or public roads, at the rate of one dollar

and fifty one-hundredth dollars ($1.50) per day for each day's work."

Under the foregoing sections the court had power to commit the defendant to the county jail after the expiration of the time for which he was specifically sentenced, there to remain until such fine and the costs of this proceeding were paid, and that in default thereof he be required to work out such fine and costs in a workhouse, or upon the streets, alleys and public roads of the city, town or county wherein said conviction was had, at the rate of $1.50 per day, unless he be otherwise discharged pursuant to law. The defendant was not required by the judgment of the court to work out his fine in a workhouse or upon the public streets, alleys or highways. In that regard the judgment and order of the court do not follow the statute. We think such omission immaterial, as the law is well settled that a defendant cannot take advantage of an error favorable to himself and by which he is not injured. The omission lessens the punishment of the defendant and is therefore not prejudicial to him. By the payment of the fine and costs the defendant could at any time after the expiration of one year regain his liberty. He was specifically sentenced to imprisonment for but one year, the remainder of the judgment being not as a punishment for the commission of a crime, but to enforce the payment of the fine and costs.

A number of exceptions were taken to the rulings of the trial court upon the evidence, which have been renewed here. We do not deem it necessary to take up and discuss each of said exceptions, as it would serve no useful purpose. Suffice it to say that they have all been carefully considered, and we have reached the conclusion that the court committed no reversible error in its rulings, either in the admission or rejection of evidence. The same may be said as to the instructions. We think the jury were fairly instructed as to the law of the case.

The evidence conclusively shows that the firm of S. Levy & Co. obtained credit of the Continental National Bank of Chicago to a large amount by reason of the false and fraudulent statement in writing made by the defendant to said bank of the financial standing of said firm of S. Levy & Co., of which he was a member, and that said bank was defrauded out of a large portion of the money which it was, by reason of said false statement, induced by the defendant to loan to said firm of S. Levy & Co. The contention, therefore, that the verdict is not supported by the evidence is not sustained by the record.

The argument of the defendant that the statute providing for the creation of Branch Appellate Courts (Hurd's Stat. 1899, p. 526,) is unconstitutional, and the judgments of such courts therefore void, is without force. While the Branch Appellate Courts are in a sense auxiliary to the Appellate Courts created by the act of 1877, (Hurd's Stat. 1899, p. 523,) they are Appellate Courts of uniform organization and jurisdiction, are created for certain well defined districts and have only appellate jurisdiction, which can be exercised in the manner alone provided by statute, and the judgments of which may be reviewed by this court upon appeal or writ of error. We are of the opinion ample authority is found in section 11 of article 6 of the constitution of 1870 to authorize the legislature to provide by statute for the creation of such Branch Appellate Courts, and that the judgment of the Branch Appellate Court for the First District affirming the judgment of conviction of the defendant by the criminal court of Cook county is a valid and binding judgment.

The judgment of said Appellate Court will therefore be affirmed.    *Judgment affirmed.*