THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* KARL JARASLOWSKI, Plaintiff in Error.

*Opinion filed April 18, 1912—Rehearing denied June 6, 1912.*

1. CRIMINAL LAW—*judgment may require a prisoner to work out fine after expiration of maximum term of imprisonment.* Under paragraph 168b of the Criminal Code, a prisoner who is found guilty of obtaining money by false pretenses and who is sentenced to imprisonment and to pay a fine may be required by the judgment, if the fine is not paid, to work out such fine and all costs in the house of correction at the rate of $1.50 per day after the term of imprisonment has expired, even though the term of imprisonment imposed is the maximum term provided by law for the offense. (*Berkenfield v. People*, 191 Ill. 272, followed.)

2. SAME—*mere fact that a person is a pauper does not entitle him to be released from working out a fine.* Even though there might be circumstances under which a person would be entitled to

be released, under paragraph 455 of the Criminal Code, from working out a fine in the house of correction, yet the mere fact that he is a pauper and has no money to pay the fine does not entitle him to such release.

3. SAME—*paragraph 168b of the Criminal Code applies to case where prisoner is unable to pay fine in money.* Paragraph 168b of the Criminal Code, which authorizes the court, in proper cases, to require that a fine be worked out by the prisoner at the rate of $1.50 per day, was intended to enable the State to collect, in labor, fines that cannot be collected by execution, and applies as well to a case where the prisoner is able to pay in labor but unable to pay in money, as to a case where the prisoner is able to pay in money but is unwilling to do so.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. KICKHAM SCANLAN, Judge, presiding.

E. M. SEYMOUR, for plaintiff in error:

The imprisonment here is no part of the punishment, but is a mere subsidiary order in aid of the judgment and which would have been discharged by the payment of the judgment. *Ex parte Smith,* 117 Ill. 66.

The second sentence is, in effect, to punish the prisoner twice for the same offense, and is prohibited by both the common law and bill of rights. It is therefore void and the prisoner is entitled to be discharged on *habeas corpus. People* v. *Whitson,* 74 Ill. 20.

Paragraph 455 of the Criminal Code should be liberally construed, because it is in the interest of the liberty of citizens with regard to having all penalties proportioned to the nature of the offense, and a second punishment for the same offense is in violation of section 11 of article 2 of the constitution. When any constitutional right or immunity of a person is violated the judgment of the court is void. Brown on Jurisdiction, sec. 97; *Bandy* v. *Hehn,* 10 Wyo. 167; *In re Jarvis,* 66 Kan. 329; *Ex parte Smith,* 16 Ill. 347; *Stafford* v. *Low,* 20 id. 152; *Gorton* v. *Frizzell,* 20 id. 291; *Ex parte Seibold,* 100 U. S. 371.

The order that at the expiration of the term of one year said prisoner be required to work out said fine and costs is cumulative punishment, excessive, cruel and unusual. *Harris* v. *Lang*, 27 App. Cas. (D. C.) 84; *In re Swan*, 150 U. S. 637; *United States* v. *Pridgeon*, 153 id. 48; *People* v. *Baker*, 89 N. Y. 467; *Ex parte Page*, 49 Mo. 291.

If a party is unlawfully imprisoned the writ of *habeas corpus* is his appropriate legal remedy. It is his suit to recover his liberty. *State* v. *Huegin*, 15 Am. Cr. Rep. 349; *Holmes* v. *Jennison*, 14 Pet. 540; *Bandy* v. *Hehn*, 10 Wyo. 167; *Ogle* v. *State*, 43 Tex. Crim. 219.

The fine and costs imposed in addition to the term of imprisonment ·is a debt and must be considered as such. Imprisonment for the collection thereof is in violation of section 12 of article 2 of the constitution. The several sentences of imprisonment are concurrent in point of time, and if one has run they have all expired. 1 Bishop's Crim. Proc. sec. 1129; *Miller* v. *Ward*, 2 Metc. 271; *Buck* v. *State*, 1 Ohio St. 61.

The sentence of one year imprisonment, imposed with jurisdiction of the person and the offense, having been served, the further imprisonment for the non-payment of fine and costs, when it is made satisfactorily to appear to the court, after all legal means have been exhausted, that the prisoner has no estate wherewith to pay such fine and costs, is violative of paragraph 455 of the Criminal Code. Such statute should be liberally construed in favor of the defendant. *Lamkin* v. *People*, 94 Ill. 501; *Rainey* v. *State*, 19 Tex. Crim. App. 479.

W. H. STEAD, Attorney General, and JOHN E. W. WAYMAN, State's Attorney, (FRED H. HAND, and JAMES A. SCOTT, of counsel,) for the People:

Under an indictment charging a single offense, upon a conviction for which both fine and imprisonment may be imposed, the court may properly order the defendant, for

a failure to pay such fine and costs, to be imprisoned, such imprisonment to commence after the expiration of the term fixed as a punishment for the crime, otherwise the sentence of imprisonment and fine would be satisfied by imprisonment only. *Berkenfield* v. *People,* 191 Ill. 272; *Ex parte Bollig,* 31 id. 88.

It is the established doctrine of the common law that where a fine is imposed it is the punishment ordered, and the commitment is but an incident. *United States* v. *Hudson,* 7 Cranch, 32; *Ex parte Watkins,* 7 Pet. 568; *Kane* v. *People,* 8 Wend. 203; *Son* v. *People,* 12 id. 344; *Harris* v. *Commonwealth,* 23 Pick. 280; *The Queen* v. *Dunn,* 12 Ad. & Ell. (N. S.) 1026; *In re Yates,* 4 Johns. 317, and 9 id. 396; *Doubleday* v. *Sherman,* 8 Blatch. 45

Fine and costs are not a debt, within the provisions of section 12 of article 2 of the constitution. The prohibition does not extend to acts for torts nor to fines or penalties arising from violations of the penal laws of the State. It has reference to debts arising *ex contractu. Kennedy* v. *People,* 122 Ill. 649.

Mr. JUSTICE VICKERS delivered the opinion of the court:

Karl Jaraslowski, plaintiff in error, was found guilty of obtaining money under false pretenses at the September term, 1910, of the criminal court of Cook county, and the court fixed his punishment at imprisonment for one year in the house of correction and imposed a fine of $500, and rendered judgment upon the finding against plaintiff in error and for the costs. After plaintiff in error had served a year in the house of correction he filed a petition in the circuit court for discharge, under paragraph 455 of the Criminal Code, from that portion of the judgment which required him to work out the fine and costs. The prayer of the petition was denied, and thereupon plaintiff in error sued out a writ of *habeas corpus* from the circuit court of

Cook county. A hearing upon the *habeas corpus* resulted in plaintiff in error being remanded again to the custody of the superintendent of the house of correction. This writ of error is sued out for the purpose of obtaining a review of the judgment of conviction and also the judgment of the court in refusing to discharge the petitioner under paragraph 455 of the Criminal Code.

The judgment, in addition to imposing a sentence of one year in the county jail, also ordered and adjudged that plaintiff in error be fined the sum of $500 and all costs of the proceeding, which were taxed at $61.55, and awarded execution therefor, and further provided: "In case of the neglect or refusal of the defendant, Karl Jaraslowski, to pay said fine and costs, it is ordered that at the expiration of one year aforesaid said defendant be required to work out said fine and costs, as provided by statute." The judgment further directed that in case said fine and costs were not paid at the expiration of the year, the defendant be required to work out said fine "in the house of correction at the rate of $1.50 per day." In his petition for discharge as a pauper, under paragraph 455 of the Criminal Code, plaintiff in error alleged that he had no money to pay the fine and costs and that he was wholly destitute and without any means wherewith to pay the same, and that he was a pauper within the meaning of the statute, and that all "legal means had been exhausted to collect the same." The court below held that paragraph 455 of the Criminal Code did not apply to a case where by the judgment of the court the defendant was required to work out his fine in accordance with paragraph 168*b* of the Criminal Code, and this ruling is assigned as error.

Plaintiff in error contends that the judgment of the court requiring him to serve the maximum term in the house of correction and also to be further retained in said house of correction to work out his fine after the expiration of the year of imprisonment is erroneous unless said judg-

ment be construed to permit the payment of the fine during
the year he is imprisoned as a punishment for the offense.
The question thus raised has been determined by this court
adversely to the contention of plaintiff in error in the case
of *Berkenfield* v. *People,* 191 Ill. 272. In that case the
prisoner was convicted of obtaining credit by a false and
fraudulent statement in writing as to his financial stand-
ing, in violation of section 97 of the Criminal Code. He
was sentenced to imprisonment in the county jail of Cook
county for the period of one year and to pay a fine of
$1000 and the costs of the proceeding, and the judgment
provided that if at the expiration of his term of imprison-
ment of one year said fine and costs be not paid he be con-
fined in the county jail until said fine and costs were fully
satisfied, at the rate of $1.50 per day, or until he was other-
wise discharged pursuant to law. On page 277, in discuss-
ing that case, this court said: "Under an indictment charg-
ing a single offense upon a conviction for which both fine
and imprisonment may be imposed, the court may properly
order the defendant, for a failure to pay such fine and
costs, to be imprisoned, such imprisonment to commence
after the expiration of the term fixed as a punishment for
the crime, otherwise the sentence of imprisonment and fine
would be satisfied by imprisonment, only." The statute
also provides (paragraph 168*b* of the Criminal Code) that
any person convicted of petit larceny, or any misdemeanor
punishable, under the laws of the State, in whole or in part,
by fine, may be required, by the order of the court, to work
out such fine and all costs in the workhouse of the city,
town or county, or in the streets or alleys of any city or
town, or on the public roads of the county, under the proper
person in charge of such workhouse, etc., at the rate of
$1.50 per day. Under this section of the statute the court
had power to sentence plaintiff in error to imprisonment in
the workhouse and also to impose upon him a fine, and to
provide in the judgment that in case the fine was not paid it

should be worked out in the workhouse at the rate of $1.50 per day. (*Berkenfield* v. *People, supra.*) There was no error in the judgment of the court in requiring plaintiff in error to work out his fine after his term of imprisonment expired, notwithstanding the maximum term of imprisonment was imposed.

Plaintiff in error insists that he is entitled to his discharge under paragraph 455 of the Criminal Code, relating to the discharge of paupers. We cannot agree with this contention. Paragraph 168*b*, which authorizes the court, in proper cases, to require that a fine be worked out by the defendant at $1.50 per day, was enacted for the purpose of enabling the State to collect in labor fines that could not be collected by execution, and it may apply to a case where the defendant is unable to pay in money as well as to a case where he is able to pay but unwilling to do so. As long as the prisoner is able to pay his fine in labor it can not be said that "all legal means" of collecting the fine have been exhausted, where the judgment requires the fine to be paid in labor. We do not hold that a defendant might not, under any circumstances, become entitled to a discharge from the payment of a fine, under paragraph 455, where he had been adjudged to pay it in labor in default of a payment in money, but we have no hesitation in saying that plaintiff in error has presented no such case in the record before us. His only showing is that he is insolvent and has no property or money with which to pay the fine. He makes no attempt to show any reason why he is unable to work out his fine in accordance with the sentence of the court. A prisoner is not entitled to his discharge, under paragraph 455, where the judgment requires him to pay the fine in labor, merely by showing that he is a pauper and has no money with which to pay the fine.

The judgment of the criminal court of Cook county is affirmed.

                                        *Judgment affirmed.*