(No. 11878.—Writ awarded.)

THE PEOPLE *ex rel.* Maclay Hoyne, State's Attorney, Petitioner, *vs.* THOMAS G. WINDES, Judge, Respondent.

*Opinion filed April 17, 1918.*

1. MANDAMUS—*mandamus is proper remedy to expunge void order of discharge by habeas corpus.* Where a petition for a writ of *habeas corpus* does not allege any fact giving jurisdiction to issue the writ and make the order of discharge, *mandamus* is the proper remedy to compel a removal from the records of the order made without lawful authority.

2. HABEAS CORPUS—*when habeas corpus is authorized to release a prisoner detained by process of court.* The office of the writ of *habeas corpus* is to obtain the release of persons illegally restrained of their liberty, and as applied to cases where the detention is by virtue of the process of a court it is only authorized where the proceeding or judgment is absolutely void or the detention has become illegal by reason of some act, omission or event which has subsequently taken place.

3. SAME—*discharge of a prisoner, under the statute, must be ordered by court of conviction.* Section 17 of division 14 of the Criminal Code, providing for the discharge of a prisoner who is confined in jail for fine or costs and who is unable to pay the same, does not authorize a discharge by any court other than that in which the conviction took place, and it must appear not only that the prisoner has no estate or money to pay the fine or costs but also that all legal means have been exhausted to collect them.

4. SAME—*a prisoner held for fine cannot be discharged if he is able to labor.* One who has served his term of imprisonment in the house of correction but is without money or estate to pay his fine is not entitled to be discharged, under section 17 of division 14 of the Criminal Code, if he is able to labor and thereby work out his unpaid fine in accordance with his sentence. (*People* v. *Shattuck,* 274 Ill. 491, distinguished; *People* v. *Jaraslowski,* 254 id. 299, followed.)

5. SAME—*detention is not illegal until order of discharge by the proper court.* After an order by the court which has committed one convicted of crime, discharging him from imprisonment, any detention by the keeper of the prison is illegal, but until there is such an order the detention under the original sentence for failure to pay the fine and costs is not illegal merely because the prisoner is without estate or money.

ORIGINAL petition for *mandamus.*

EDWARD J. BRUNDAGE, Attorney General, MACLAY HOYNE, State's Attorney, and NOAH C. BAINUM, (EDWARD E. WILSON, and JOHN F. CASHEN, JR., of counsel,) for petitioner.

A. L. GETTYS, for respondent.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The Attorney General, by leave granted, filed in this court a petition in the name of the People, on the relation of the State's attorney of Cook county, for a writ of *mandamus* directing Thomas G. Windes, judge of the circuit court of Cook county, to expunge from the records of said court an order releasing and discharging C. W. Scott from the house of correction of the city of Chicago. The defendant demurred to the petition, and the cause has been argued and submitted for decision on the issue of law raised by the demurrer.

The following facts are alleged in the petition and admitted by the demurrer: On November 2, 1916, C. W. Scott was convicted in the municipal court of Chicago of pandering and was sentenced to confinement and labor in the house of correction for the term of one year and to pay a fine of $1000 and costs, and in default of payment of the fine and costs to stand committed in said house of correction until the same should have been worked out by him at the rate of $1.50 per day or until he should be discharged according to law. He was confined in the house of correction until October 3, 1917, when a petition in the name of the People for a writ of *habeas corpus,* directed to the superintendent of the house of correction, was presented to the defendant, Thomas G. Windes, one of the judges of the circuit court. There was no averment of any

fact showing the judgment or sentence of imprisonment to be illegal or void, and the only fact alleged as a reason why the detention of Scott had become illegal was that he had no estate or money with which to pay the fine and costs. The defendant ordered the writ, and upon a return being made the superintendent of the house of correction moved the court to dismiss the petition because it did not allege any fact giving the court jurisdiction to issue the writ. The motion was overruled, and upon a hearing Scott testified that he had no money or estate with which to pay the fine and costs, that he had worked as a cutter in the house of correction during the term of his imprisonment, and that he was able to work. Thereupon an order was entered discharging Scott from further imprisonment under the judgment and sentence.

If the petition for the writ of *habeas corpus* did not allege any fact giving the defendant jurisdiction to issue the writ and make the order of discharge this proceeding is the proper one to compel a removal from the records of the order made without lawful authority. (*People* v. *Petit,* 266 Ill. 628; *Swager* v. *Gillham,* 278 id. 295; *People* v. *Green,* 281 id. 52.) The office of the writ of *habeas corpus* is to obtain the release of persons illegally restrained of their liberty, and, as applied to cases where the detention is by virtue of the process of a court, it is only authorized where the proceeding or judgment is absolutely void or the detention has become illegal by reason of some act, omission or event which has subsequently taken place, as provided in section 22 of the Habeas Corpus act. The petition did not allege any defect or illegality in the judgment or process or any subsequent event such as a pardon, a reversal of the judgment or the completion of the sentence, but only that the imprisonment had become illegal because Scott had no money or estate with which to pay the fine and costs, neither did any subsequent event appear upon the hearing, but Scott testified that he had no money or estate when he

was imprisoned and had none during the term of his imprisonment and none at the time of the hearing. The law has made provision for a case of that kind and for a judicial hearing in the court where the conviction took place. Section 17 of division 14 of the Criminal Code provides, that whenever it shall be made satisfactorily to appear to the court, after all means have been exhausted, that any person who is confined in jail for any fine or costs of prosecution for any criminal offense has no estate wherewith to pay such fine and costs or costs only, it shall be the duty of the said court to discharge such person from further imprisonment for such fine and costs, which discharge shall operate as a complete release of such fine and costs. That section contemplates an application to the court in which the conviction took place and from which process for the collection of the fine and costs was issued and where the record of the court may show the release of the fine and costs in case of discharge. It does not authorize interference by another court by any proceeding or process on account of inability to pay. To authorize a discharge the court must judicially find not only that the person convicted has no estate or money to pay the fine and costs or costs only, but also that all legal means have been exhausted. The municipal court had jurisdiction to provide that if the fine and costs were not paid Scott should work out the same at the house of correction at the rate of $1.50 per day after the expiration of the term of imprisonment, and the fact that he had no estate or money did not entitle him to be released from working out the fine. The fact that one convicted of crime has no estate does not mean that he may not labor, and a prisoner cannot be discharged, under the statute, if he is able to labor although unable to pay in money. The statute was intended to enable the State to collect in labor fines that could not be collected by execution, and applies as well to a case where a person is able to pay in labor but not in money as to a case where he is able

to pay in money but unwilling to do so. *Berkenfield* v. *People,* 191 Ill. 272; *People* v. *Jaraslowski,* 254 id. 299.

After an order by the court which has committed one convicted of crime, discharging him from imprisonment, any detention by the keeper of the prison would become illegal, but until there is such an order the detention under the original sentence has not become illegal or unlawful, and, of course, the court making the order may enforce obedience to it. There is no intimation in *People* v. *Shattuck,* 274 Ill. 491, that *habeas corpus* is a remedy for a prisoner under lawful sentence because he is unable to pay a fine. In that case the ground for the issuance of a writ and the discharge of Powers was that the process issued out of the county court on January 8, 1916, for his imprisonment for the unpaid balance of a fine imposed upon him by that court at the June term, 1909, was void because the court had lost jurisdiction. It was held that the legal means provided by statute for the collection of a fine should be employed and could not be disregarded, and process issued to imprison a defendant more than six years after judgment was void. It was considered in *People* v. *Jaraslowski, supra,* that there may be circumstances under which one sentenced to pay a fine and costs in labor may be discharged on account of inability to pay in that way, but until the court which imposed the sentence and has control of the means for the collection of a fine and costs judicially finds that all legal means for the collection, including labor, have been exhausted and makes an order of discharge, no court has any authority to interfere by *habeas corpus.*

The order discharging Scott was made without jurisdiction, and a writ of *mandamus* is awarded commanding the defendant to expunge the void order from the records of the court.               *Writ awarded.*