The People of the State of Illinois, Appellee, v. Shirley Pierson, Appellant.

Gen. No. 8,249.

Opinion filed January 24, 1929.

L. T. GRAHAM, for appellant.

EDWIN JOHNSTON, State's Attorney, for appellee; MERRILL H. JOHNSTON, of counsel.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

On May 3, 1926, appellant, having been convicted on two counts of an indictment charging him with the unlawful sale of intoxicating liquor, was sentenced in the circuit court of Pike county to serve 60 days at the State farm at Vandalia on each of said counts, the sentences to run concurrently, a fine of $300 on each count, and the costs of prosecution. From this judgment and sentence appellant sued out a writ of error from the Appellate Court, Third District, and a supersedeas was granted. The judgment and sentence of the circuit court of Pike county was affirmed by the Appellate Court in November, 1926. [243 Ill. App. 642.] Appellant thereupon petitioned the Supreme Court of Illinois for a writ of certiorari, which petition

was denied and an affirming order of the Appellate Court was filed in the circuit court on May 3, 1927. The People then sued appellant and his bondsmen on the bond given by him to secure the order of supersedeas on his writ of error to recover the fine and costs. In this action the People were defeated at the August term, 1927, of the county court. On February 13, 1928, the People caused to be issued an execution to recover the fine and costs, as provided by section 15, division XIV of the Criminal Code, ¶ 764, Cahill's St. ch. 38, ¶ 788; Smith-Hurd Ill. Rev. Stat. 1927. This section provides that the clerk of the court in which the conviction is had shall, at the end of the term, issue an execution for every fine that shall have been imposed during the term, and remains unpaid, and all costs of conviction remaining unpaid. It is claimed by appellant that this section of the statute is mandatory and that the clerk having failed to issue the execution at the end of the term at which appellant was convicted, the execution which was issued in February was void and the court had lost jurisdiction of the judgment. Appellant made a motion in the court below to stay and quash the execution, which was overruled by the circuit court; to reverse this ruling this appeal is prosecuted.

We cannot agree with the contention made by appellant, which, if true, would in many cases make it impossible to collect a fine by execution. The case at bar is a good example of such a situation. By suing out a writ of error from the Appellate Court and procuring a supersedeas all proceedings in the circuit court were stayed and the clerk of said court was powerless to issue the execution. It can readily be seen that if the construction sought by counsel for appellant is correct, then any defendant could evade the payment of any fine by suing out a writ of error from the Appellate Court and obtaining a supersedeas. After the Appellate

Court entered its judgment on the writ of error the defendant again delayed the issuance of the execution by his petition for a certiorari in the Supreme Court. It is true that the next delay was caused by the People in attempting to collect the judgment by suing on the supersedeas bond. While it is true that the law contemplates that means for the collection of fines should be promptly used, yet the facts in this case show that most of the delay was caused by appellant himself and there was no action on the part of the People tending to show any abandonment of the collection of the fine, or any unreasonable delay in having the execution issued. The facts in this case are far different than those which appeared in the cases of *People v. Shattuck,* 274 Ill. 491; *People v. Windes,* 283 Ill. 251, and *People v. Leinecke,* 290 Ill. 560, cited by counsel for appellant.

The judgment of the circuit court is affirmed.

*Affirmed.*