People of the State of Illinois, Plaintiff-Appellant, v. Marlin Hedenberg, Defendant-Appellee.

Gen. No. 10,239.

Third District.

May 15, 1959.

Released for publication June 2, 1959.

Darrell E. Klink, State's Attorney, Rodney G. Bucher, Assistant State's Attorney, of Lincoln, for appellant.

No appearance for appellees.

JUDGE CARROLL delivered the opinion of the court.

On March 19, 1958, a jury in the Circuit Court of Logan County found defendant guilty of attempting to set fire to or burn a motor vehicle and fixed his fine at $1000. The court entered judgment of conviction on the verdict but stayed the issuance of execution and mittimus pending disposition of post-trial motions.

On May 22, 1958, the court ordered that execution for the amount of the fine issue 30 days from said date and further ordered that defendant work out said fine and costs in the county jail under the sheriff at the rate of $5 per day for each day's work; and that the sheriff confine the defendant in jail until said

fine and costs had been worked out or paid. Issuance of the mittimus was again stayed until June 21 on which date defendant was imprisoned in the county jail. Execution for the fine and costs also issued on said date.

On June 24, 1958, defendant filed a petition praying the court for an order discharging him from custody alleging therein that on June 21, 1958 he was committed to the County Jail of Logan County for failure to pay the fine and costs assessed against him; that he is without funds or money with which to pay said fine and costs; that he has no estate out of which to pay the same; that he is suffering from gallstones and unable to perform any ordinary physical labor and is therefore unable to work out his fine and costs as ordered by the court; that all legal means to collect said fine and costs have been exhausted; and that defendant is a pauper within the meaning and intent of Section 766, Chap. 38, Illinois Revised Statutes. Attached to the petition is an affidavit of the defendant stating that he is a pauper and without money or property to pay his said fine. Also attached to the petition is the affidavit of Wayne J. Schall, a physician and surgeon, in which he avers that defendant is suffering from gallstones; that affiant has recommended that defendant undergo surgery; that as the result of his gallstone condition defendant is incapable of performing physical labor or working at any occupation involving physical labor.

The court denied a motion to strike said petition and after hearing evidence ordered the defendant discharged from custody. The People have appealed.

The principal ground relied upon for reversal is that the Circuit Court lacked jurisdiction to entertain defendant's petition for discharge from custody.

It is argued that under Section 82, Chap. 77, Illinois Revised Statutes, 1957, the court could not take juris-

diction of the petition unless it was filed within 30 days after the entry of the commitment order of May 22, 1958 and prior to the time defendant commenced his sentence. Cited as supporting such contention are a number of Illinois cases including People v. Turney, 273 Ill. 546; People v. Hamel, 392 Ill. 415; and People v. Mangano, 354 Ill. 329.

The authority of the court to sentence defendant to work out the fine imposed is found in Paragraphs 762 and 391, Chap. 38, Illinois Revised Statutes, 1957. Par. 762 reads as follows:

"When a fine is inflicted, the court may order, as a part of the judgment, that the offender be committed to jail, there to remain until the fine and costs are fully paid or he is discharged according to law."

Par. 391 reads as follows:

"Any person convicted of petit larceny, or any misdemeanor punishable under the laws of this state, in whole, or in part, by fine may be required by the order of the court, in which the conviction is had, to work out such fine and all costs, in the work-house or jail of the city, town or county, or in the streets and alleys of any city or town, or on the public roads in the county, under the proper person in charge of such work-house, jail, streets, alleys, or public roads, at the rate of $5.00 per day for each day's work."

Par. 766, Chap. 38 Illinois Revised Statutes, 1957 under which defendant invokes the exercise of the court's authority to discharge him is as follows:

"Whenever it shall be made satisfactorily to appear to the court, after all legal means have been exhausted, that any person who is confined in jail for any fine or costs of prosecution, for any criminal offense, hath no estate wherewith to pay such fine and costs, or costs only, it shall be the duty of the said court to discharge such person from further imprisonment for such fine and costs, which discharge shall operate as

507

a complete release of such fine and costs: Provided, that nothing herein shall authorize any person to be discharged from imprisonment before the expiration of the time for which he may be sentenced to be imprisoned, as part of his punishment."

■■ The latter Statute expressly confers power upon the committing court to discharge a pauper criminal "whenever" the requirements thereof are satisfied. In granting relief thereunder, the court does not modify, alter or amend the sentence. In the cases relied upon by the People, it was held that where a person has been committed and delivered to the proper authorities by commitment of the court wherein he was convicted, or after expiration of the term at which sentence was pronounced, that court has no subsequent authority to vacate or modify the judgment fixing sentence. This rule is not applicable to the situation in the instant case where defendant seeks to be discharged under Par. 766 for the simple reason that any order entered thereunder would not disturb the judgment under which the petitioner was committed. For the same reason, Sections 82 and 83 of Chapter 77 are likewise not applicable. These Sections limited the time during which a court may exercise power over its judgments to 30 days following their entry. Prior to the enactment of said provisions, the court had power to vacate or modify a judgment during the term at which the same was entered. The source of the court's jurisdiction to entertain defendant's petition is Paragraph 766 which plainly states that at any time after confinement upon a showing which meets the requirements of said Paragraph, the committing court has power to release a prisoner. Were it not so, the purpose of the Statute would be defeated. For example, under the People's theory, a pauper sentenced to serve a jail sentence and to pay a fine in addition thereto, although unable to pay the fine, could not

avail himself of the provisions of Par. 766 if 30 days had elapsed prior to the completion of the jail sentence.

The commitment order in this case is in conformity with the provisions of the above quoted Par. 391 and recites that the defendant "be and is hereby required to work out such fine and costs in the jail of said county under the sheriff of said county at the rate of $5.00 per day for each day's work" . . . and further provides that the sheriff "is hereby required and commanded . . . to confine the body of said defendant in said jail until said fine and costs have been worked out or paid by said defendant . . ."

In order to entitle defendant to be released on his pauper petition, he was required not only to show that he possessed no estate with which to pay the fine and costs, but also that he was physically unfit to work out said fine and costs at the daily rate stipulated in the order. People v. Jaraslowski, 254 Ill. 299; People v. Herman, 245 Ill. App. 94. The People contend that the court's finding as to these essential requirements is contrary to the manifest weight of the evidence. Examination of the record discloses uncontradicted proof that defendant possessed no property out of which the fine could be recovered. There is also evidence that defendant was suffering from gallstones and unable to perform any ordinary physical labor. The record also shows that during the time he was confined, defendant did no work under the sheriff other than to assist his fellow prisoners in keeping the jail clean; that there was no work for him to do in the jail; and that the sheriff did not require him to work. From our examination of all the evidence we are satisfied it affords ample support for the court's findings as to the essential issues involved.

The purpose of the Statute authorizing courts to sentence a prisoner to work out a fine is to enable

the state to collect fines in labor that could not be collected by execution. People v. Windes, 283 Ill. 251. It is abundantly clear from the record that as a practical matter the defendant was being detained in jail at the rate of $5 for each day spent in confinement. In other words, instead of the state realizing a return from a prisoner's labor, to be applied on his fine, it was incurring the expense of housing and feeding such prisoner. Obviously, the accomplishment of such a result could not have been intended by the lawmakers.

The commitment order conforms to the Statute and required payment of the fine either in money or in labor. The defendant has shown that he has no money or property with which to pay the fine; that because of his physical condition he is unable to work out his fine; and that while in jail he has neither been required to work nor has the person in charge of the place of his confinement assigned him any work to do.

Although not dealing with the exact questions raised on the instant appeal, we think the Supreme Court in its opinion in the Jaraslowski case, supra, has thrown some light on the problem involved in applying Par. 766 in cases where discharge is sought on the ground that the petitioner is unable to labor. In the Jaraslowski case the defendant was sentenced to serve a year in jail and to pay a fine of $500. The judgment order provided that if upon expiration of the jail sentence the fine and costs were not paid, the defendant be required to work the same out in the house of correction at the rate of $1.50 per day. After serving the one year jail sentence, the defendant sought to be discharged as a pauper. He made a showing that he was without means to pay the fine but failed to show any reason as to why he could not work out said fine as required by the commitment order. In affirming the trial court's order denying the petition, the Supreme Court said:

"Paragraph 168b, which authorizes the court, in proper cases, to require that a fine be worked out by the defendant at $1.50 per day, was enacted for the purpose of enabling the State to collect in labor fines that could not be collected by execution, and it may apply to a case where the defendant is unable to pay in money as well as to a case where he is able to pay but unwilling to do so. As long as the prisoner is able to pay his fine in labor it can not be said that 'all legal means' of collecting the fine have been exhausted, where the judgment requires the fine to be paid in labor. We do not hold that a defendant might not, under any circumstances, become entitled to a discharge from the payment of a fine, under paragraph 455, where he had been adjudged to pay it in labor in default of a payment in money, but we have no hesitation in saying that plaintiff in error has presented no such case in the record before us. His only showing is that he is insolvent and has no property or money with which to pay the fine. He makes no attempt to show any reason why he is unable to work out his fine in accordance with the sentence of the court."

From our examination of the record, we are satisfied that upon the showing made the Circuit Court was justified in discharging the defendant and accordingly its judgment is affirmed.

Affirmed.

ROETH, P. J. and REYNOLDS, J., concur.