(No. 41131.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* WILLIE E. WILLIAMS, Appellant.

*Opinion filed January 29, 1969.*

STANLEY A. BASS, and MELVIN B. GOLDBERG, both of Chicago, appointed by the court, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and JOHN J. STAMOS, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and ELMER C. KISSANE, and OLIVER D. FERGUSON, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE HOUSE delivered the opinion of the court:

The sole question raised by this appeal is whether imprisonment of an indigent defendant to satisfy his fine constitutes a denial of equal protection of the law under the rationale of *Griffin* v. *Illinois,* 351 U.S. 12, 100 L. Ed. 891, 76 S. Ct. 585.

On August 16, 1967, defendant, Willie E. Williams, was convicted of theft of property not from the person and not exceeding $150 in value in a bench trial in the circuit court of Cook County. The court sentenced him to one year imprisonment in the county jail and imposed a fine of $500, a maximum sentence for this offense (Ill. Rev. Stat. 1967, ch. 38, par. 16—1), and $5 costs. The judgment order provides that in default of payment of the fine and costs defendant should stand committed to jail to satisfy the fine and costs at the rate of $5 per day of imprisonment.

On November 29, 1967, defendant filed a petition under section 72 of the Civil Practice Act, alleging under oath that he was indigent at all stages of the proceedings, that he was without counsel or funds to hire counsel at the trial and that he will be able to get a job and earn funds to pay the fine and costs if he is released from jail upon expiration of his one-year sentence. He prayed that the trial court vacate that portion of the order directing that he stand committed to jail in default of the payment of the fine and costs. The court denied the petition because of its legal insufficiency and defendant appealed directly to this court alleging that the denial of his petition deprived him of equal protection of the law guaranteed by the fourteenth amendment to the Federal constitution.

The authority for imprisonment to enforce payment of a fine comes from section 1—7(k) of the Criminal Code of 1961. (Ill. Rev. Stat. 1967, ch. 38, par. 1—7(k).) This section provides, "Working out Fines. A judgment of a fine imposed upon an offender may be enforced in the same

manner as a judgment entered in a civil action; Provided, however, that in such judgment imposing the fine the court may further order that upon non-payment of such fine, the offender may be imprisoned until the fine is paid, or satisfied at the rate of $5.00 per day of imprisonment; Provided, further, however, that no person shall be imprisoned under the first proviso hereof for a longer period than 6 months."

The basis of defendant's equal-protection theory seems to find its origin in a dissenting opinion in *Wildeblood* v. *United States* (D.C. Cir. 1960), 284 F.2d 592. It was there stated: "When the person sentenced cannot pay the fine and is therefore imprisoned, the constitutional question arises. The answer seems clear. The cases on which the court [the majority opinion] relies were decided many years ago, [*Ex parte Jackson,* 1877, 96 U.S. 727, 24 L. Ed. 877; *Bowles* v. *District of Columbia,* 1903, 22 App. D.C. 321; *Hill* v. *Wampler,* 1936, 298 U.S. 460, 56 S. Ct. 760, 80 L. Ed. 1283; *Yeager* v. *District of Columbia,* D.C. Mun. App. 1943, 33 A. 2d 629,] and the constitutional question does not appear to have been raised. More recently, the Supreme Court has repeatedly held that 'invidious discriminations' in the administration of criminal justice are unconstitutional. *Griffin* v. *Illinois,* 1956, 351 U.S. 12, 17, 76 S. Ct. 585, 100 L. Ed. 891; *Eskridge* v. *Washington Prison Board,* 1958, 357 U.S. 214, 78 S. Ct. 1061, 2 L. Ed. 2d 1269; *Burns* v. *Ohio,* 1959, 360 U.S. 252, 79 S. Ct. 1164, 3 L. Ed. 2d 1209. Specifically, the Court has held that 'There can be no equal justice where the kind of trial a man gets depends on the amount of money he has.' *Griffin* v. *Illinois,* 351 U.S. 12, 19, 76 S. Ct. 585, 100 L. Ed. 891. Few would care to say there can be equal justice where the kind of punishment a man gets depends on the amount of money he has." (284 F.2d 592, 594.) The majority in *Wildeblood* followed cases decided prior to *Griffin* wherein imprison-

ment for nonpayment of a fine was permitted and simply stated, "We do not think these cases are overruled by Griffin v. Illinois * * *." 284 F.2d 592, 598.

In *United States ex rel. Privitera* v. *Kross* (S.D. N.Y.), 239 F. Supp. 118, aff'd (2d cir.) 345 F.2d 533, *cert.* denied 382 U.S. 911, 15 L. Ed. 2d 163, 86 S. Ct. 254, the issue raised in the *Wildeblood* dissent was again decided adversely to the indigent defendant. After noting that a defendant "has no constitutional right that another defendant, no matter what his economic status, rich or poor, receive the same sentence for the same offense," the court stated: "No different conclusion is required by the line of cases beginning with *Griffin* v. *People of State of Illinois*. Those decisions making review of criminal convictions available to the indigent have not yet been construed to compel government, State or Federal, to eradicate from the administration of criminal justice every disadvantage caused by indigence." (239 F. Supp. 118, 120-121.) In support of this statement the court cited "Norvell v. State of Illinois, 373 U.S. 420, 83 S. Ct. 1336, 10 L. Ed. 2d 456 (1963); United States ex rel. Marshall v. Wilkins, 338 F.2d 404 (2d Cir. 1964) (no absolute right to appointment of counsel on habeas corpus petitions); United States ex rel. Combs v. Denno, 231 F. Supp. 942, 945 (S.D. N.Y. 1964); Mastrian v. Hedman, 326 F.2d 708 (8th Cir.) cert. denied, 376 U.S. 965, 84 S. Ct. 1128, 11 L. Ed. 2d 982 (1964). (may impose bail on those without funds); Pilkinton v. Circuit Court, 324 F.2d 45 (8th Cir. 1963); Stern & Gressman, Supreme Court Practice 219 (3d ed. 1962) (no right to appointment of counsel on petition for certiorari)." 239 F. Supp. 118, 121 n. 12.

In view of this holding in *Kross* which was affirmed by the Second Circuit Court of Appeals and to which a writ of *certiorari* was denied by the Supreme Court, we do not feel justified in holding that imprisonment of an indigent defendant to satisfy his fine constitutes a denial of equal pro-

tection of the law under the fourteenth amendment. Defendant urges us to follow the reasoning and holding of *People* v. *Saffore,* 18 N.Y.2d 101, 218 N.E.2d 686. In that case, like this one, defendant was convicted of a misdemeanor and given the maximum sentence of one year of imprisonment and required to pay a fine of $500, the fine if not paid, to be served out at the rate of one day's imprisonment for each dollar remaining unpaid. The sentencing court knew defendant was without funds or property and was unable to pay the fine. The New York Court stated, "We do not hold illegal every judgment which condemns a defendant to confinement if he does not pay his fine. We do hold that, when payment of a fine is impossible, imprisonment to work out the fine, if it results in a total imprisonment of more than a year for a misdemeanor, is unauthorized by the Code of Criminal Procedure and violates the defendant's right to equal protection of the law, and the constitutional ban against excessive fines." 18 N.Y. 2d 101, 218 N.E.2d 686, 688.

A limitation similar to that used in *Saffore* was applied in *Sawyer* v. *District of Columbia* (D.C.C.A.), 238 A.2d 314. was there held that "in every case in which the defendant is indigent, a sentence of imprisonment in default of payment of a fine which exceeds the maximum term of imprisonment which could be imposed under the substantive statute as an original sentence is an invalid exercise of the court's. discretion for the reason that its only conceivable purpose is to impose a longer term of punishment than is permitted by law." (238 A.2d 314, 318.) This decision was based solely on the trial judge's discretion in enforcing payment of fine.

The one-year limitation applied in *Saffore* and the maximum-term-as-an-original-sentence limitation applied in *Sawyer* were both based on the construction of statutes involved in each case. This court has rejected both of these limitations in construing the statutes of this State authoriz-

ing imprisonment to enforce or satisfy the payment of a fine. (*Berkenfield* v. *People,* 191 Ill. 272; *People* v. *Jaraslowski,* 254 Ill. 299; *People ex rel. Hoyne* v. *Windes,* 283 Ill. 251.) Thus, in *Jaraslowski* it was stated: "There was no error in the judgment of the court in requiring plaintiff in error to work out his fine after his term of impisonment expired, notwithstanding the maximum term of imprisonment was imposed." 254 Ill. 299, 305. Jaraslowski, a pauper, in addition to the fine, had received a one-year sentence which was the maximum term for the offense committed, as in *Sawyer,* and the maximum term for a misdemeanor, as in *Saffore.* The factual situation in *Windes* was the same and the court in following *Jaraslowski* stated: "The statute was intended to enable the State to collect in labor fines that could not be collected by execution, and applies as well to a case where a person is able to pay in labor but not in money as to a case where he is able to pay in money but unwilling to do so." 283 Ill. 251, 254-255.

The legislature has not acted to change the result reached in *Jaraslowski* or *Windes.* On the contrary, the comments of the Joint Committee to Revise the Illinois Criminal Code state with respect to section 1—7(k): "No provision is made for discharge on a pauper's oath since it is considered that on any conviction for a criminal offense the intent present is equivalent to the malice requirement in civil cases, in which discharge prior to the six months limit may be obtained only upon payment of the judgment." (Committee Comments, S.H.A. ch. 38, § 1—7, p. 31.) The legislative intent is clear that section 1—7(k) should apply to all defendants, rich or poor, and it cannot be construed to accomplish the result reached in *Saffore* or *Sawyer.*

Defendant has also directed our attention to section 180—6 of the Code of Criminal Procedure. (Ill. Rev. Stat. 1967, ch. 38, par. 180—6.) This section provides: "Whenever it shall be made satisfactorily to appear to the court, after all legal means have been exhausted, that any person

who is confined in jail for any fine or costs of prosecution, for any criminal offense, hath no estate wherewith to pay such fine and costs, or costs only, it shall be the duty of the said court to discharge such person from further imprisonment for such fine and costs, which discharge shall operate as a complete release of such fine and costs: Provided, that nothing herein shall authorize any person to be discharged from imprisonment before the expiration of the time for which he may be sentenced to be imprisoned, as part of his punishment." He concedes that defendants have not been permitted to be discharged from imprisonment for nonpayment of a fine, under this statute, unless they were physically unable to work at the institution of confinement or no work was provided there for them. (See *People* v. *Jaraslowski*, 254 Ill. 299; *People ex rel. Hoyne* v. *Windes*, 283 Ill. 251; *People* v. *Herman*, 245 Ill. App. 94; *People* v. *Cary*, 245 Ill. App. 100, and *People* v. *Hedenberg*, 21 Ill. App. 2d 504.) But he suggests that we now give the statute a liberal construction in order to avoid the constitutional issue of equal protection of the law.

As we have said, there is no denial of equal protection of the law when an indigent defendant is imprisoned to satisfy payment of the fine. Furthermore, once a statute has such a well settled construction over a long period of time and the legislature does not amend the statute, it would amount to a judicial amendment were we now to change our interpretation of it. (*Schwarz* v. *Schwarz*, 27 Ill.2d 140, 150.) This we cannot do.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*