(No. 40828.—

THE PEOPLE *ex rel.* Hosea Jackson, Petitioner, *vs.* C. WILLIAM RUDDELL, Respondent.

*Opinion filed January 29, 1969.—Modified on denial of rehearing, March 25, 1969.*

STANLEY A. BASS and MELVIN B. GOLDBERG, both of Chicago, apointed by the court, for petitioner.

RAYMOND F. SIMON, Corporation Counsel, of Chicago, (MARVIN E. ASPEN and RONALD S. COPE, Assistants Corporation Counsel, of counsel,) for respondent.

Mr. JUSTICE WARD delivered the opinion of the court:

On January 13, 1967, in the circuit court of Cook County the petitioner, Hosea Jackson, was convicted, after a bench trial, of criminal damage to property and of having assaulted a police officer. He was sentenced to six months in the county jail on the former charge and received a maximum fine of $500 on the assault charge. The statute under which he was prosecuted for assault provides for a penalty only by way of fine. (Ill. Rev. Stat. 1967, chap. 38, par. 12—1(b).) An appeal was not taken from this judgment.

On May 23, 1967, the petitioner completed his sentence on the criminal damage charge and being indigent and unable to satisfy the fine imposed on the assault conviction, was transferred the following day to the Municipal House of Correction to work out the fine pursuant to section 1—7(k) of the Criminal Code of 1961. (Ill. Rev. Stat. 1967, chap. 38, par. 1—7(k).) On August 1, 1967, the petitioner was granted leave to file an original petition for *habeas corpus* in this court, and on August 17 we set bond for the petitioner at $1000 pending the disposition of this petition. On the latter date the petitioner was released on bond. About $75 of the $500 fine imposed remains unsatisfied.

The petitioner argues here that the confinement of an indigent defendant for nonpayment of a fine, where the sentencing judge knows of his indigency and under a statute where an accused possessing funds adequate to satisfy his fine can avoid being confined, violates the equal-protection clause of the fourteenth amendment to the

United States constitution. This, of course, challenges the constitutionality of section 1—7(k) of the Criminal Code of 1961, which authorizes the detention of one convicted and fined to satisfy by work the unpaid fine. (Ill. Rev. Stat. 1967, chap. 38, par. 1—7(k).) There are problems with respect to the remedy by which the petitioner seeks to raise that issue in this proceeding. We find it unnecessary to discuss them, however, for the issue sought to be raised in this case has been disposed of on the merits adversely to the contentions of the petitioner in *People* v. *Williams,* 41 Ill.2d 511. There we held that "*   *   *   there is no denial of equal protection of the law when an indigent defendant is imprisoned to satisfy the payment of the fine." (41 Ill.2d at 517.) The conclusion reached there is controlling in this case and the writ of *habeas corpus* is quashed.

*Writ quashed.*