113 N.J. Super. 557 (1971)
274 A.2d 601
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
AUGUST A. FARFALLA, a/k/a AUGIE A. FARFALLA, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued March 1, 1971.
Decided March 8, 1971.
*559 Before Judges GOLDMANN, LEONARD and FRITZ.
Mr. Ernest S. Glickman argued the cause for appellant.
Mr. Andrew J. Smithson, Assistant Prosecutor, argued the cause for respondent (Mr. Bruce M. Schragger, Mercer County Prosecutor, attorney).
The opinion of the court was delivered by GOLDMANN, P.J.A.D.
Three indictments, respectively charging defendant with working for a lottery business (N.J.S.A. 2A:121-3), bookmaking (N.J.S.A. 2A:112-3), and possession of lottery slips (N.J.S.A. 2A:121-3), were consolidated for trial and resulted in jury verdicts of guilty on all three charges. The court sentenced him to State Prison terms of 2-3 years on each charge, to be served concurrently, and additionally imposed a $500 fine on each charge, defendant to stand committed until the fine was paid. He appeals.
The first attack directed at the convictions is that the material seized from defendant at his place of business when the police entered and searched the premises pursuant to a search warrant, should not have been admitted in evidence because the State failed to present sufficient proof of chain of possession. There was no mistaken exercise of discretion on the part of the trial judge in overruling the defense objection to the State's introduction of the exhibits in evidence. He correctly relied on State v. Brown, 99 N.J. Super. 22 (1968), certif. den. 51 N.J. 468 (1968), where we said:
* * * Whether the requested chain of possession has been sufficiently established to justify admission of the exhibit is a matter committed to the discretion of the trial judge, and his determination will not be overturned in the absence of a clearly mistaken exercise thereof. *560 * * * While the proper foundation for the admission of such real evidence requires a showing of an uninterrupted chain of possession, it is not necessary for the party introducing such evidence to negate every possibility of substitution or changing condition between the event and the time of trial, especially where, as here, the custodian has been an arm of the State. The question is one of reasonable probability that the evidence has not been changed in important respects, * * * or is in substantially the same condition as when the crime was committed, * * *. [at 27-28; citations omitted]
See also, State v. Johnson, 90 N.J. Super. 105, 113 (App. Div. 1965), aff'd 46 N.J. 289 (1966). In ruling on defendant's objection, the trial judge detailed his reasons at some length. We agree with those reasons, which led to the conclusion that no tampering with the evidence had occurred and that the chain of possession had been established.
Advanced as plain error (former rule R.R. 1:5-1(a), now R. 2:10-2), is the claim that the trial judge erred when he instructed the jury to exclude from its deliberations certain testimony that had previously been stricken from the record. Judicial discretion was properly exercised; there was no error. The admonition was given emphatically, and properly so because, considering the nature of the stricken testimony (by a detective regarding telephone calls received at defendant's shop while the police were there) and its probable impact on the jury, a strong and detailed instruction to disregard that testimony was appropriate and necessary. At the close of the charge defense counsel affirmatively stated that he had no objection.
Finally, defendant contends that the sentence was manifestly excessive and not authorized by statute. This claim is directed to the imposition of a $500 fine on each charge, with the direction that defendant was to stand committed until the fines were paid. The argument made is that N.J.S.A. 2A:85-7 provides for a maximum sentence of three years for a crime of the type charged; that N.J.S.A. 2A:166-16 states that where, as part of a sentence of imprisonment, the court orders that the prisoner stand committed until the fine and costs are paid, the prisoner *561 shall receive credit against the amount of the fine and costs at the rate of $5 for each day of confinement, and that the total fines of $1,500 would mean that defendant would have to remain in prison for not only three years but 300 days additional if unable to pay the fines. Defendant's contention that he has in effect been sentenced to a maximum of four years' imprisonment is misdirected.
N.J.S.A. 2A:85-7, to which defendant refers, does not merely provide that a person found guilty of a misdemeanor may be imprisoned for not exceeding three years; the language is that he "shall be punished by a fine of not more than $1,000 or by imprisonment for not more than 3 years, or both."
N.J.S.A. 2A:166-16, last amended by L. 1963, c. 142, § 2 (the amendment merely increased the $3 rate to $5) states:
Whenever it shall appear that a person is confined in a State penal or correctional institution by reason of default in the payment of fines and costs of prosecution and wherein the committing court, as part of the sentence of imprisonment, ordered that the prisoner stand committed until such fine and costs are paid, such prisoner shall be given credit against the amount of such fines and costs at the rate of $5.00 for each day of confinement. When the prisoner shall have been confined for a sufficient number of days to establish credits equal to the total aggregate amount of such fines and costs, and is not held by reason of any other sentence or commitment, he shall be discharged from imprisonment by the chief executive officer of the State penal or correctional institution wherein he is so confined.
As the statute has been construed  see, for example, State v. Lavelle, 54 N.J. 315 (1969)  if the fine has not been paid by the time defendant has served at least the minimum or been paroled by the State Parole Board, he must continue in prison until he has "worked off" the fine at the rate of $5 for each day of confinement. In concurring in the Lavelle holding, Chief Justice Weintraub spoke of the fine as a proper "plus" penalty.
The United States Supreme Court only recently addressed itself to an aspect of this question in Williams v. Illinois, *562 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (June 29, 1970), vacating the judgment appealed from and remanding the matter to the Illinois Supreme Court for further proceedings. Williams was given the maximum sentence for petty theft under Illinois law of one year's imprisonment and a $500 fine, plus $5 in court costs. The judgment, as permitted by statute, provided that if, when the one-year sentence expired, he did not pay the monetary obligations, he had to remain in jail to work them off at the rate of $5 a day. While in jail Williams, alleging indigency, unsuccessfully petitioned the sentencing judge to vacate that portion of the order confining him to jail after the sentence expired, because of nonpayment of the fine and costs. The Illinois Supreme Court (41 Ill.2d 511, 244 N.E.2d 197 (1969)) rejected appellant's claim that the state statutory provision constituted discriminatory treatment of those unable to pay a fine and court costs. It affirmed the lower court's dismissal of appellant's petition, holding that "there is no denial of equal protection of the law when an indigent defendant is imprisoned to satisfy payment of the fine." The United States Supreme Court held that although a state has considerable latitude in fixing the punishment for state crimes and may impose alternative sanctions, it may not under the Equal Protection Clause subject a certain class of convicted defendants to a period of imprisonment beyond the statutory maximum, solely by reason of their indigency.
Several factors differentiate the case before us, as it now stands, from Williams. In the first place, defendant was sentenced on September 12, 1969. He has never served a day, being out on bail. If we affirm, he still has the 2-3 year term, or whatever lesser part thereof he may have to serve if earlier paroled.
Secondly, there is not the slightest suggestion offered that he is indigent. In this connection, we note that he was engaged in a not unrewarding although unlawful enterprise, apparently of more than minor magnitude, and he *563 is represented by retained counsel. Thus, the question of a violation of the Equal Protection Clause does not manifest itself  at least presently.
It should also be noted, in passing, that should defendant be early paroled, the Parole Board could, in its discretion, provide that the fine be paid off in installments or otherwise during the parole period. It is authorized to do so under the rules and regulations adopted for the State Parole Board by the Department of Institutions and Agencies, presently known as Regulation 11:70-60, not yet codified as part of the New Jersey Administrative Code.
Alternatively, defendant alleges that his sentence is manifestly excessive, even though within statutory limits. We view the sentence as reasonable in the circumstances.
Affirmed.
[On the date this appeal was argued the United States Supreme Court decided Tate v. Short, 400 U.S. ___, 91 S.Ct. 668, 28 L.Ed.2d 130 which we find factually and legally distinguishable.]